Robert B. **MURPHY**, Plaintiff,

v.

**SURGEON GENERAL, U. S. PUBLIC HEALTH SERVICE**, Defendant.

Civ. A. No. L–124.

United States District Court
D. Kansas.

May 12, 1967.

## MEMORANDUM AND ORDER

THEIS, District Judge.

There has been filed with the Clerk of the United States District Court for the District of Columbia a designated motion, signed and verified by Robert B. Murphy, and an application for leave to proceed without prepayment of fees. Movant Murphy is a prisoner in the United States Penitentiary at Leavenworth, Kansas. On April 17, 1967, an order was filed with the Clerk of the United States District Court for the District of Columbia transferring this motion to the District of Kansas for adjudication.

The Court, after examining the papers so filed, finds it difficult to understand

from the application the writ sought. The application was obviously prepared without the assistance of counsel, and the exact nature of petitioner's complaint and the relief sought are liberally interpreted.

The present application seeks an order from the United States District Court against the Surgeon General, U. S. Public Health Service, to show cause to why "the petitioner is being denied the benefit of medical discoveries of the last thirty-six months for the diagnosis and treatment of liver, thyroid, and cardiac disorders." The petitioner has not used the forms provided for habeas applications and seeks affirmative relief in the nature of mandamus.

The petitioner is not contesting the legality of his detention. Rather, it is clear, he complains in conclusionary fashion of various aspects of prison administration, largely having to do with the granting of "medical treatments in the area of internal medicine embraced as they relate to liver and cardiac disorders."

 It is settled law that the control and management of federal penal institutions are vested in the Attorney General and absent arbitrary or capricious actions, or abuse of discretion, the courts will not intervene. See Smoake v. Willingham, 359 F.2d 386 (10 Cir., 1966). It is further generally recognized that prisoners must first exhaust their administrative remedies by applying directly to the Bureau of Prisons. Smoake v. Willingham, supra. The "prisoner's mailbox provides a means whereby an aggrieved prisoner may write directly, without inspection by institutional authorities, to the Director of the Bureau of Prisons." See Green v. United States, 283 F.2d 687 (3 Cir., 1960). This, or a similar procedure, ought to be exercised by a prisoner before appealing to the courts for relief.

 Complaints of improper or inadequate medical care are particularly appropriate for reference to prison administrative channels. We think the require-

ment that a prisoner exhaust administrative remedies may not be circumvented merely by the prisoner demanding the same special treatment that he might receive at the "University Hospital, Cleveland, Ohio; the Michael Reese Hospital, Chicago, Illinois; the Rochester Methodist Hospital, Rochester, Minnesota; the Massachusetts General Hospital, Boston, Massachusetts," or other renowned national medical centers for diagnosis and treatment.

██ The petitioner requests, essentially, injunctive relief that the Court order the Penitentiary Health Service representatives to afford him the medical relief he self-diagnostically seeks. The writ of mandamus was abolished by Rule 81(b), Federal Rules of Civil Procedure, 28 U.S.C. If, however, petitioner is being unlawfully denied medical treatment in the institution, and such a right were enforceable by a petition or a writ of habeas corpus, we would not deny a remedy on the basis of improper, uncounseled pleading. However, even on habeas applications, courts will not interfere with the conduct of a prison, with the enforcement of its rules and regulations, or its discipline, except in extreme cases. See Childs v. Peglow, 321 F.2d 487 (4 Cir., 1963), Cert. Den. 376 U.S. 932, 84 S.Ct. 702, 11 L.Ed.2d 652 (1954); Prince v. Klune, 80 U.S.App.D.C. 31, 148 F.2d 18, 19 (D.C., 1945). Further, there has been no showing of any breach of statutory duty of any official of the prison where the petitioner is incarcerated.

 Actions of prison authorities, including granting or withdrawing of claimed privileges of prisoners, are not reviewable by the Court in mandamus proceedings in the absence of specific allegations, particularly showing a clear breach of duty by prison administrators. White v. Clemmer, 111 U.S.App.D.C. 145, 295 F.2d 132 (1961). However, nothing contained herein shall be construed by the proper prison authorities that reasonable inquiry and diligence should not be exercised to ascertain whether this prisoner is, in fact, receiving adequate

medical attention in the light of his complaints and apparent needs within reasonable medical certainty.

It is ordered that the so designated motion and application for relief thereunder be dismissed.

It is further ordered that copies of this Memorandum be mailed to the parties named herein; and in addition, a copy shall be mailed to the Warden of the United States Penitentiary at Leavenworth, Kansas, for information purposes only.