Stephen Luther EVANS, Petitioner,

v.

C. E. HARRIS, Warden, United States Penitentiary, Leavenworth, Kansas, Respondent.

No. L–1453.

United States District Court,
D. Kansas.

May 9, 1972.

Stephen Luther Evans, pro se.

Robert J. Roth, U. S. Atty., Wichita, Kan., and Bruce E. Miller, Asst. U. S. Atty., Topeka, Kan., for respondent.

## OPINION

ARTHUR J. STANLEY, Jr., Senior District Judge.

This action was brought by the petitioner, an inmate of the United States Penitentiary at Leavenworth, as one for injunction and mandamus. He alleged

that prison officials had taken from him certain law books and legal materials, thereby depriving him of his right to access to the courts. The action was dismissed without hearing by an order entered herein November 2, 1970. In its memorandum and order of dismissal this court gave as reasons for dismissal: "Evans has failed to exhaust his administrative remedies. Under the regulations promulgated by the Bureau of Prisons, there is available to all prisoners the right of the 'Prisoner's Mail Box.' This procedure sets up effective means of review of the actions of local prison authorities. It provides each inmate the right to write directly, without censorship, to the Director of the Bureau of Prisons regarding any matter of importance to the individual, to the inmate group as a whole, or any matter of importance affecting the institution and its personnel or officials. The prisoner's mail box is open to all inmates regardless of their status. Green v. United States, 283 F.2d 687 (3rd Cir. 1960); Murphy v. Surgeon General, 269 F.Supp. 227 (D.Kan.1967). This, or a similar procedure, ought to be exercised by a prisoner before appealing to the courts for relief. The court concludes that in the absence of any showing of exhaustion of the administrative remedies available to him, relief must be denied."

Evans appealed and the judgment of dismissal was reversed and "the matter remanded for further proceedings consonant with the views herein expressed." The Court of Appeals (Evans v. Moseley, 455 F.2d 1084 (10th Cir., 1972) stated this court's ground for dismissal as being "that Evans had failed to exhaust the administrative remedies *said to have been provided* by the prison authorities." (Emphasis supplied). And "on appeal the application, if any, of the doctrine of exhaustion of remedies is not urged, as there is nothing in the record to indicate what, if any, administrative remedies are afforded." The appellate court held that "the trial court should have required the respondent to answer and should have then held such further proceedings as the pleadings required."

The mandate reached this court March 3, 1972, and on March 10 an order was entered vacating the order of dismissal and directing the issuance of a rule to show cause requiring the respondent to file an answer and return, and the petitioner to file a traverse admitting or denying all factual allegations of the answer and return. From the uncontroverted allegations of the pleadings, it appears that while his appeal was pending Evans made use of the prisoner's mail box referred to in the dismissal order of November 2, 1970. Several letters were exchanged among Evans, the Warden, and the Director of the Bureau of Prisons. The respondent warden was directed by the Director of the Bureau of Prisons to investigate Evans's complaint, and Evans was so notified. The result of any investigation is not disclosed and it will be assumed that Evans did not obtain the relief sought. In any event, administrative remedies, not invoked before the institution of this action, have now been exhausted. The petitioner having exhausted administrative remedies in the manner suggested by this court in its memorandum and order of November 2, 1970, that issue is moot; but it is respectfully suggested that the District Courts of the Tenth Circuit might be grateful for guidance as to whether prisoners-petitioners are required to exhaust available administrative remedies before seeking judicial intervention in the control and management of penal institutions, or whether the holding of the Court of Appeals is that a district court may not judicially note the existence of administrative remedies. They do exist, as the petitioner has demonstrated.

As directed by the Court of Appeals, and in the light of the petitioner's exhaustion of administrative remedies, this case will be set down for evidentiary hearing.