**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Austin Louis SMITH et al., Defendants-Appellants.**

Nos. 71–1743 to 71–1746.

United States Court of Appeals, Tenth Circuit.

July 26, 1972.

W. Allen Spurgeon, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on brief), for plaintiff-appellee.

Richard B. Bauer, Littleton, Colo., for defendants-appellants.

Before BREITENSTEIN, HILL, and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found the four defendants-appellants, inmates at the Federal Youth Center, Englewood, Colorado, guilty of sexually assaulting another inmate at the Youth Center in violation of 18 U.S. C. § 13 and 1963 Colo.Rev.Stat. § 40-2-31. They were sentenced to indeterminate terms under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b).

The assault occurred on January 23, 1971, and on the same day the four defendants were placed in segregated confinement. No preliminary hearing was held on the criminal charge. An indictment was returned on July 9, 1971, and defendants were arraigned shortly thereafter. The indictment was technically defective and was superseded by an August 25 indictment. The first indictment was thereafter dismissed. Trial was held September 7-8.

Defendants were placed in segregated confinement for disciplinary reasons, for the protection of the victim, because of their previous harassment of other inmates, and to prevent the possibility of escape. Actions of prison officials in disciplining inmates are not subject to judicial review in the absence of arbitrariness or caprice. Graham v. Willingham, 10 Cir., 384 F.2d 367, 368. The actions taken here were prudent rather than arbitrary or capricious, and were violative of no Eighth Amendment rights. Ibid. The imposition by the court of indeterminate sentences under 18 U.S.C. § 5010(b) did not, when coupled with the segregated confinement, constitute double punishment for the same offense. The segregated confinement was for institutional reasons and not for punishment of the criminal offense which defendants had committed.

Defendants say that segregated confinement was an arrest and that they were not promptly taken before a magistrate as required by Rule 5, F.R. Crim.P. We do not agree. When they were placed in segregated confinement, they were already in custody for unrelated convictions which are not now under attack. Their liberty was validly restrained and they were subject to all the impediments of imprisonment. Seizure, confinement, and the interference with personal liberty attendant thereon had occurred. Segregated confinement for

institutional reasons is not an arrest. Cf. United States v. Marion, 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468, and Moran v. United States, 10 Cir., 404 F.2d 663, 666. Rule 5 does not apply when the person affected is in custody pursuant to an unrelated valid conviction. United States v. Reid, 7 Cir., 437 F.2d 1166, 1167.

The next contention is that defendants were denied speedy trial and due process because of delay between offense and trial. Pre-indictment delay was five and one-half months and post-indictment delay was two months. Defendants interposed numerous motions to the indictment and made no request for speedy trial. No claim is made that the government delayed to attain tactical advantage. The constitutional arguments hinge on whether the delay substantially prejudiced defendants. United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468; Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, and United States v. Merrick, 10 Cir., 464 F.2d 1087. Defendants point to no exculpatory evidence which was lost to them. They had full power of subpoena. Three inmates of the Youth Center testified in their behalf. In our opinion they had a fair trial and were deprived of no constitutional rights.

Defendants, who are Indians, argue that they were denied equal protection because there were no Indians present when they were interrogated by government agents, because there were no Indians in administrative positions at the Youth Center, and because there were no Indians on the trial jury. Equal protection condemns arbitrary and invidious discrimination; it does not require exact equality. Andrus v. Turner, 10 Cir., 421 F.2d 290, 292. There is no apparent relation between the contentions and the validity of the convictions. No claim is made that the statements to the agents were involuntary. There is no showing that Indians were purposefully denied participation as jurors because of race. See Swain v. Alabama, 380 U.S. 202, 203–204, 85 S.Ct. 824, 13 L.Ed.2d 759. The record is devoid of anything which shows arbitrary or invidious discrimination.

The next arguments go to the appointment and competency of counsel. Defendants say that the court should have appointed an Indian lawyer. Selection of counsel "rests in the sound discretion of the court." Tibbett v. Hand, 10 Cir., 294 F.2d 68, 73. An accused does not have the right to have a member of his own race appointed to represent him. Achtien v. Dowd, 7 Cir., 117 F.2d 989, 992.

Defendants also say that the court erred in appointing only one lawyer for their defense. Joint representation becomes improper only in those cases where prejudice results so as to deny a defendant the effective assistance of counsel. Fryar v. United States, 10 Cir., 404 F.2d 1071, 1073, cert. denied 395 U.S. 964, 89 S.Ct. 2109, 23 L.Ed.2d 751. Before trial there was no suggestion that more than one lawyer would be needed. The record does not indicate that any defendant was prejudiced by joint representation. The court found that defendants had competent and efficient representation and we agree.

The final claim is the denial of interpreters. The court held a thorough hearing on this point and found interpreters were unnecessary. The record convinces us that defendants understood and comprehended the proceedings. They did not need the help of interpreters.

Affirmed as to each defendant.