No. 72–5455.  SMITH ET AL. *v.* UNITED STATES.  C. A. 10th Cir.  Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN concurs, dissenting.

Petitioners were convicted of sexually assaulting a fellow inmate while incarcerated in the Federal Youth Center, in violation of 18 U. S. C. § 13 and Colo. Rev. Stat. Ann. § 40–2–31 (1963). Immediately following the assault, petitioners were placed in segregated confinement and were not arraigned until more than five months later, after an indictment had been returned. They appealed their convictions, in part on the ground that they had not been brought promptly before a United States Commissioner as required by former Rule 5 (a) of the Federal

Rules of Criminal Procedure.* The Court of Appeals for the Tenth Circuit held that Rule 5 does not apply when the person affected is "in custody pursuant to an unrelated valid conviction." Accord, *United States* v. *Reid,* 437 F. 2d 1166, 1167 (CA7 1971).

The result below stemmed from a narrow, technical reading of the word "arrest" in former Rule 5 (a). Since petitioners "were already in custody for unrelated convictions," 464 F. 2d 194, 196, according to the Court of Appeals, they had not been "arrested" for the alleged offense. The issue presented here is whether former Rule 5 (a) should be interpreted in this myopic fashion, without regard to the policies underlying Rule 5 as a whole.

Former Rule 5 (b) required the commissioner, *inter alia,* to "inform the defendant . . . of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel . . . . He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him." A basic purpose of this rule is to interpose a judicial officer between the accused and the accuser early in the process of custodial interrogation. This procedure insures that the accused is objectively and intelligently apprised of his rights and helps prevent the "utilization of intensive interrogation, easily gliding into the evils of 'the third degree.'" *Mallory* v. *United*

---

*Rule 5 (a) then provided:

"An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith."

Rule 5 was amended, effective October 1, 1972. References herein are to the Rule as it existed at the time of the decision below.

*States,* 354 U. S. 449, 453. The Court of Appeals effectively has deprived petitioners of the protection afforded by Rule 5 (b), even though there is no reason to believe that they were less vulnerable to the overbearing effects of custodial interrogation. The policies underlying Rule 5 (b) apply with as much force to the accused already in custody pursuant to an unrelated conviction as they do to the accused in custody solely on the basis of the alleged offense. Indeed, in the case at hand, the danger of overreaching by prison officials is vividly apparent from the very fact that petitioners were placed in segregated confinement. Certainly, it cannot be suggested that petitioners, because they previously had been convicted of another offense, were any less entitled to the rudimentary procedures afforded to a person who stands accused of a crime.

I would grant the petition for a writ of certiorari solely to consider whether petitioners should have been arraigned promptly after the alleged offense.