**Rojelio E. RIVERA et al., Plaintiffs-Appellants,**

v.

**E. O. TOFT, Warden, et al., Defendants-Appellees.**

No. 72–1785.

United States Court of Appeals, Tenth Circuit.

Submitted April 23, 1973.

Decided April 23, 1973.

Rojelio E. Rivera, and others, pro se.

Jerry Cord Wilson, Asst. U. S. Atty., Oklahoma City, Okla., for defendants-appellees.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

Rivera and others, inmates of the Federal Reformatory at El Reno, Oklahoma, filed this action in the district court seeking a declaratory judgment and injunctive relief. Jurisdiction was asserted under the Civil Rights Act, 42 U.S.C. § 1983, and 28 U.S.C. § 1343(3).

The inmates complain of the procedures before the institution's disciplinary committee. They contend that before being "sentenced" to punitive segregation, they are entitled to written notice of charges, a hearing with rights of confrontation and cross-examination, a record of the hearing, decision, and the evidence relied upon, and assistance of counsel or counsel substitute. They also challenge the possibility of multiple punishment for the same act—administrative punishment and criminal conviction.

The district court dismissed the petition after determining that the Declaratory Judgments Act does not apply in actions against the United States, that federal authorities do not act under color of state law therefore jurisdiction is lacking, and administrative remedies must be pursued in the first instance. We agree.

To begin with, it is established in this Circuit that administrative punishment and subsequent judicial prosecution does not constitute double punishment for the same offense. United States v. Smith, 464 F.2d 194 (10th Cir. 1972); United States v. Hedges, 458 F. 2d 188 (10th Cir. 1972); Hutchison v. United States, 450 F.2d 930 (10th Cir. 1971).

It must be remembered that the discipline of inmates arises while they are in custody pursuant to unrelated valid convictions and this is not considered an "arrest". United States v. Smith, supra; United States v. Reid, 437 F.2d 1166 (7th Cir. 1971). In Morrissey v.

**536**

Brewer, 408 U.S. 471, 483, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484 (1972), the Supreme Court was concerned with informal procedural guarantees in parole revocations and distinguished the custody of a parolee with "that summary treatment . . . necessary as it may be with respect to controlling a large group of potentially disruptive prisoners in actual custody."

 Actions of prison officials in disciplining inmates are not subject to judicial review in the absence of arbitrariness or caprice. United States v. Smith, supra; Graham v. Willingham, 384 F.2d 367 (10th Cir. 1967). The primary supervision in the administration of federal reformatories is delegated by statute, 18 U.S.C. § 4042, to the Bureau of Prisons under the direction of the Attorney General, empowering them to review any action taken or approved by the local wardens. Prisoner discipline is one of the specific provisions of Section 4042. We would have to assume that the disciplinary committee operates under established practices reasonably designed to promote the discipline of the institution and that there is some uniformity in practices throughout the federal prison system. See Bureau of Prisons Policy Statements, 7400.6A; Theriault v. Carlson, 339 F.Supp. 375, 387 (N.D.Ga.1972).

■. From what we said above, it is clear that personal grievances should be presented, in the first instance, by administrative remedies available to the prisoner with the Bureau of Prisons. Tarlton v. Clark, 441 F.2d 384 (5th Cir. 1971), cert. denied 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713. See also Smoake v. Willingham, 359 F.2d 386 (10th Cir. 1966); Evans v. Harris, 341 F.Supp. 609 (D.Kan.1972); McNeal v. Taylor, 313 F.Supp. 200 (W.D.Okl.1970); Harbolt v. Alldredge, 311 F.Supp. 688 (W. D.Okl.1970), aff'd, 432 F.2d 441 (10th Cir. 1970); Owens v. Alldridge, 311 F. Supp. 667 (W.D.Okl.1970); Murphy v. Surgeon General, 269 F.Supp. 227 (D. Kan.1967).

Upon docketing in this court, this case was assigned to the summary calendar, and the appellants were informed that we were contemplating summary affirmance and afforded an opportunity to submit memoranda addressing the underlying merits, which has not been done. Nevertheless, we have carefully and thoroughly reviewed the files and records in this cause and are convinced that the judgment of the district court is correct.

Affirmed.