**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Wiliam WERTMAN, Defendant-
Appellant.**

**No. 73-1968.**

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1973.

James C. Truett (Court-appointed), Tallahassee, Fla., for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., J. Worth Owen, Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before TUTTLE, BELL and GOLDBERG, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction following a non-jury trial on charges of an offense, against a thirteen year old boy, under Florida Statutes Annotated § 800.04.[1] The offense was committed on a federal reservation, and the Florida statute was applicable under the Assimilative Crimes Act, 18 U.S.C.A. § 13.

There are two assignments of error. As to the first, we find the evidence to be sufficient to warrant the conviction.

Second, we find no impropriety in the sentence which was less than the maximum under the Florida statute. Despite the fact that no such relief was sought in the district court, appellant contends that it was error for the court to fail to use the psychiatric examination procedure required by Florida statutes before sentencing him for the offense in question. See F.S.A. § 801.051 et seq. We disagree. The federal district courts use federal facilities and follow federal procedures in imposing sentences under the Assimilative Crimes Act. See 18 U.S.C.A. § 4208(b). Cf. United States v. Smith, 10 Cir., 1972, 464 F.2d 194, where indeterminate sentences under the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(b), were imposed in sexual assault cases tried under the Colorado statutes.

Nevertheless, we do note that § 801.051 clearly expresses a Florida legislative policy of ascertaining the mental condition of sexual offenders prior to their sentencing. While we hold that the Assimilative Crimes Act does not bind federal courts to state sentencing procedures, we think it appropriate for the district court to consider, in its discretion, this state sentencing policy in the circumstances here. Upon a properly filed motion to correct or reduce

sentence, Rule 35, F.R.Crim.P., the district court may, in its discretion, order the presentence examination authorized by 18 U.S.C.A. § 4208(b).

The judgement of conviction is affirmed.

---

1. F.S.A. § 800.04 [1973 Supp.] is as follows: *"Lewd, lascivious or indecent assault or act upon or in presence of child*—Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape where such child is female, shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084."