**Earl Carl (x) GAITHER 38202-115, Petitioner,**

v.

**Norman CARLSON (Director), U. S. Bureau of Prisons, et al., Respondents.**

**No. 74-395-D Civ.**

United States District Court, W. D. Oklahoma, Civil Division.

July 15, 1974.

Earl Carl (x) Gaither, pro se.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

Petitioner, a Federal prisoner, has filed in this Court a Motion for Injunctive and Other Relief in which he asks that Respondents be prohibited from treating him different from other prisoners. He complains that he was transferred from the Federal prison in Lewisburg, Pennsylvania, to the Federal Reformatory at El Reno, Oklahoma for disciplinary reasons and further that he was placed in disciplinary segregation in the El Reno institution without being notified of any charges. He urges that he is prohibited from practicing his religion (Black Muslim) by being placed in segregation. He alleges that he has been subjected to constitutional deprivations by receiving cruel and unusual punishment and being denied freedom of religion. He seeks the following injunctive relief: (1) Bureau of Prisons policy be adhered to with regard to disciplinary matters; (2) That he not be excluded from practicing his religion; and (3) That the Court order an investigation of his transfer. He sought leave to proceed in forma pauperis which was granted. He has filed a request for appointment of counsel.

Respondents through the United States Attorney for this District have responded to said Motion asking that it be denied and the action dismissed. In said Response, they deny all allegations generally and specifically. They urge that Petitioner has failed to state a claim upon which relief can be granted, and assert that the Federal Courts have no power to interfere with the conduct of the prison nor with prison discipline.

In their Brief accompanying their Response, the Court is advised that Petitioner was transferred to the United States Penitentiary at Leavenworth, Kansas on May 22, 1974 and thus the matters concerning Petitioner being placed in segregation in El Reno are moot. Respondents urge Petitioner has failed to exhaust his administrative remedies within the Bureau of Prisons. They have submitted a copy of Bureau of Prisons Policy Statement 2001.6 dated February 14, 1974, effective April 1, 1974 setting out procedures for the submission of complaints by prisoners. In further response, they urge that Petitioner has failed to state facts constituting cruel and unusual punishment.

They allege he has likewise failed to state facts constituting violations of his rights concerning freedom of religion. They have submitted various policy statements in support of these contentions.

Petitioner urges that jurisdiction is invoked under the provisions of 28 U.S. C. § 1651(a). The cited statute does not invoke jurisdiction, but relates to extraordinary procedures in aid of jurisdiction. If jurisdiction is proper in this action, it would lie under 28 U.S.C. § 1361. Mead v. Parker, 464 F.2d 1108 (Ninth Cir. 1972).

Petitioner has not alleged in his Motion that he has pursued or exhausted his administrative remedies. In Rivera v. Toft, 477 F.2d 534 (Tenth Cir. 1973) the Court stated:

"The primary supervision in the administration of federal reformatories is delegated by statute, 18 U.S.C. § 4042, to the Bureau of Prisons under the direction of the Attorney General, empowering them to review any action taken or approved by the local wardens. . . .

"From what we said above, it is clear that personal grievances should be presented, in the first instance, by administrative remedies available to the prisoner with the Bureau of Prisons. Tarlton v. Clark, 441 F.2d 384 (5th Cir. 1971), cert. denied 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713."

In the instant case, Petitioner's claim for relief should not be considered by the Court due to his failure to exhaust administrative remedies available through the Bureau of Prisons. See also Ross v. Henderson, 491 F.2d 116 (Fifth Cir. 1974).

The court in its discretion declines to appoint counsel for Petitioner in this civil action. Bethea v. Crouse, 417 F.2d 504 (Tenth Cir. 1969).

It is not necessary to consider the other matters raised by the Petitioner's Motion and the Response thereto as the Petitioner has failed to satisfy the threshold prerequisite for the maintenance of the action filed herein.

Petitioner's Motion For Injunctive And Other Relief is denied and his Motion is hereby dismissed.