**James PERCY and Elizabeth Washington, Plaintiffs,**

v.

**John JABE, Jerry Hofbauer, Clinton Maime, Mr. Snyder, Deputy Director of Correctional Facilities, Defendants.**

Civ. No. 93–CV–71937–DT.

United States District Court, E.D. Michigan, S.D.

June 12, 1993.

Elizabeth Washington, in pro. per.

James Percy, in pro. per.

## ORDER OF DISMISSAL

GADOLA, District Judge.

Plaintiffs, James Percy and Elizabeth Washington, ("plaintiffs") have filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff Percy is a state prisoner who is presently confined at the Standish Maximum Correctional Facility in Standish, Michigan. Plaintiff Washington is a non-prisoner who presently resides in Ypsilanti, Michigan. The defendants are Warden John Jabe of the State Prison of Southern Michigan, Jerry Hofbauer, Clinton Maime, the Deputy Director of the Michigan Department of Corrections, and Resident Unit Officer Snyder.

Plaintiffs state that because plaintiff Washington is not a state prisoner, she is not subject to "punishment" under Michigan Department of Corrections ("MDOC") regulation PD–DWA–60.01 governing prisoner visitation policy. Complaint at 4. Washington was allegedly placed on a "permanent visitor restriction list." Complaint at 5. Percy was charged with a visitor related misconduct of substance abuse involving Washington. Defendant Snyder charged Percy with possession of crack cocaine which Snyder seized from Percy after his visit with Washington. Percy was charged with having obtained the crack from Washington. Complaint at 12. Snyder reported the substance was tested at a state laboratory and found to be crack cocaine.

Percy received a prison misconduct hearing on the substance abuse charge. Washington was unable to appear as a witness because of illness. Percy requested that a video tape of the visitation area on the day of his visit which lead to substance abuse be shown at his misconduct hearing. This request was denied. Percy requested that the police officer who tested the cocaine appear at his hearing. This request was denied.

Percy was found guilty of the major misconduct of substance abuse after a hearing.[1] A permanent visitor restriction was imposed barring Washington from visiting Percy.

Plaintiffs argue that if the substance was indeed crack cocaine, they both would have been charged with a felony. Plaintiffs allege that the MDOC forfeited its right to charge Percy with the misconduct of substance abuse by not pressing charges after a 72 hour investigation period.

Plaintiffs claim to have a constitutional right to visitation that the defendants have violated by placing Washington on a permanent visitor restriction list.

Plaintiffs seek damages and appointment of counsel.

## DISCUSSION

Plaintiff has been granted *in forma pauperis* status. Pursuant to 28 U.S.C. § 1915(d), a district court may *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendants "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d); *Harris v. Johnson,* 784 F.2d 222, 223 (6th Cir.1986). A complaint may be dismissed as frivolous "where it lacks

---

1. "Either the prisoner or the visitor may request a rehearing on the matter per PD–DWA–60.01." PD–BCF–63.02 at 7; M.C.L. § 791.254. After seeking a rehearing, the prisoner may seek judicial review of the hearing officer's decision or order. "The Court may affirm, reverse, or modify the decision or order or remand the case for further proceedings." M.C.L. § 791.255(5). This Court is unaware whether plaintiff sought to utilize these remedies.

an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327, 109 S.Ct. at 1833. *See also Denton v. Hernandez,* — U.S. —, —, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

## I.

■ Plaintiffs' contention that the decision of prison officials not to pursue criminal charges against them shows that the substance seized from Percy was not crack cocaine is wholly without merit. Prison officials have broad discretion to determine whether to charge inmates with prison misconduct, bring charges under the criminal law, or do both, when they discover evidence of acts which violate both prison conduct rules and state or federal criminal law. The fact that prison officials chose not to invoke criminal law sanctions against the plaintiffs has no significance whatsoever regarding the accuracy of the determination that Percy abused crack cocaine subsequent to a visit with Washington.

■ Prison officials have wide latitude in deciding whether to bring criminal charges against inmates, just as police and prosecutors have broad discretion whether to bring criminal charges, especially where violations of the criminal law are relatively minor and/or evidence of guilt is difficult to prove. The rationale for criminal prosecution is generally weaker regarding a prisoner who breaks the law, because the prisoner already is being punished for committing a previous offense. The prisoner has already been deprived of his liberty and already has been isolated from the society to which he may be a menace. Therefore, there may be little or nothing to gain by pursuing criminal charges against a prisoner, at least for a minor offense. Against this must be balanced the social costs and institutional disruption of a criminal prosecution. Both are doubtless substantially greater than the cost and disruption of a prison misconduct proceeding.

This Court notes that plaintiffs do not deny that a package containing a white powdery substance was seized from Percy immediately after his visit with Washington. Plaintiffs only challenge the reliability of the testing of the substance by noting that they have not been criminally prosecuted and by noting that Percy's request for the appearance of the person who tested the substance was denied.

However, Percy had no right to be sanctioned under the criminal law or not at all. *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); *United States v. Stead,* 528 F.2d 257 (8th Cir.1975), *cert denied,* 425 U.S. 953, 96 S.Ct. 1730, 48 L.Ed.2d 197 (1976); *Rivera v. Toft,* 477 F.2d 534 (10th Cir.1973); *Rusher v. Arnold,* 550 F.2d 896 (3d Cir.1977). The fact that he was not prosecuted under the criminal law in no way suggests that the test results analyzing the crack cocaine found in his possession were unreliable.

■ Furthermore, Percy was not entitled to have the technician or police scientist who tested the substance appear as a witness. The prison misconduct hearing officer was entitled to rely upon the laboratory report indicating the nature of the substance tested. *Higgs v. Bland,* 888 F.2d 443, 449–50 (6th Cir.1989).

Nor was the MDOC required to adjourn Percy's hearing until Washington could be present. The hearing officer may well have concluded that Washington's appearance was not necessary. *Wolff v. McDonnell,* 418 U.S. 539, 566–67, 94 S.Ct. 2963, 2979–80, 41 L.Ed.2d 935 (1974).

■ Finally, any 72 hour time requirement between investigation and issuance of a major misconduct charge does not, in itself, rise to the level of an arguable constitutional violation. Violations of state statutory time limits without more do not violate a prisoner's federal constitutional rights.

Under these circumstances, plaintiffs have not alleged an arguable violation of Percy's right to due process in the adjudication of his substance abuse charge.

## II.

Inmates have no inherent constitutional right to visitation. *Evans v. Johnson*, 808 F.2d 1427 (11th Cir.1987). "[P]rison officials must be accorded wide latitude" when courts review visitation restrictions. *Pell v. Procunier*, 417 U.S. 817, 826, 94 S.Ct. 2800, 2806, 41 L.Ed.2d 495 (1974). Visiting restrictions will generally be upheld unless the inmate can show, by substantial evidence, that prison officials exaggerated their response to a perceived problem, that their response was irrational, or that there was no real threat to security and order of the institution. *Bell v. Wolfish*, 441 U.S. 520, 555, 99 S.Ct. 1861, 1882–83, 60 L.Ed.2d 447 (1978). This Court concludes that the defendants were entitled to rely on the guilty finding at Percy's misconduct hearing as a basis to restrict plaintiff's visitation rights.

Restriction of plaintiffs' visitation privileges after a finding of substance abuse subsequent to a visit was not an irrational or exaggerated response by the defendants. Even if, *arguendo*, Michigan prisoners have a protected liberty interest in visitation, this interest would be subject to reasonable restrictions consistent with due process. Plaintiffs' visitation rights were only restricted after Percy was found guilty after a misconduct hearing of substance abuse which included possession of crack cocaine after a visit by Washington.

This Court concludes that the wide latitude to restrict visitation permitted by *Pell v. Procunier* requires that prison officials be allowed to rely upon misconduct findings which have not been overturned on administrative or judicial appeal. Plaintiff Percy was not entitled to a second and separate hearing on the question of restricting his visitors. *Sanders v. Borgert*, 711 F.Supp. 889, 892–93 (E.D.Mich.1989).

Placing Washington on a permanent visitor restriction list after Percy was found guilty of substance abuse related to Washington's visit was harsh. However, the infraction was severe and is one of the occurrences described in MDOC prisoner visiting policy which will result in a request for permanent restriction of visits. PD–BCF–63.02 at 5. Furthermore, plaintiff Percy may request a review of this "permanent" restriction three years after the date of his hearing, "to determine if the status should remain." PD–BCF–63.02 at 7. Plaintiff Percy has no inherent constitutional right to receive visitors. This Court concludes that under these circumstances placing Washington on a permanent visitor restriction list did not violate plaintiffs' constitutional rights.

Therefore, this Court finds that plaintiffs have failed to allege an arguable violation of their constitutional rights and the complaint shall be dismissed.

Accordingly,

IT IS ORDERED that the complaint is DISMISSED as frivolous pursuant to § 1915(d). Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a).