**UNITED STATES of America, Plaintiff,**

v.

**Frank CERVANTES, Defendant.**

**Crim. No. 94–348 (JAF).**

United States District Court,
D. Puerto Rico.

April 20, 1995.

Order on Reconsideration
June 29, 1995.

Asst. U.S. Attorney Warren Vazquez, Guillermo Gil, U.S. Attorney, District of Puerto Rico, San Juan, PR, for plaintiff.

Carlos A. Vazquez–Alvarez, Asst. Federal Public Defender, Benicio Sanchez–Rivera, Federal Public Defender, District of Puerto Rico, San Juan, PR, for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

### I.

### Introduction

Defendant, Frank Cervantes, seeks dismissal of charges for assault of a prison official on grounds that the government has violated defendant's Sixth Amendment right to a speedy trial. We refuse to dismiss the action, concluding that ordinary administrative segregation does not constitute "arrest" for purposes of 18 U.S.C. § 3161 (1988).

### II.

### Facts

On August 6, 1994, defendant allegedly assaulted a prison official in violation of 18 U.S.C. §§ 111, 1114 (1988), while serving a twenty-five-year sentence at the Metropolitan Detention Center in Guaynabo, Puerto Rico (hereinafter "MDC–Guaynabo"). On November 9, 1994, a Federal Grand Jury indicted defendant with the named crime, and a warrant for defendant's arrest was issued the following day. Then, on December 20, 1994, the government issued a request for the production of the prisoner, who had since been transferred to Talladega, Alabama, where he was being held in administrative segregation. On January 5th, the Bureau of Prisons moved defendant to a prison in Oklahoma. Finally, defendant was returned to Puerto Rico, where he continues to be held in administrative segregation.

The U.S. Attorney's Office received notice on January 19, 1995, that defendant had been returned to MDC–Guaynabo. It was not until March 8, 1995, however, that defendant was formally "arrested for the purpose of responding to a federal charge." At arraignment the following day, Cervantes complained that the government had violated his right to a speedy trial. Counsel was appointed and the arraignment continued for resolution of defendant's speedy trial claim.

Defendant's motion to dismiss, now before the court, argues that, for purposes of 18 U.S.C. § 3161(b) (1988), "arrest" occurred when the defendant was placed in administrative segregation on August 6, 1994. The indictment of November 9, 1994, would, then, have come later than sixty days from the date of "arrest", in violation of 18 U.S.C. § 3161(b) (1988).

### III.

### Speedy Trial Act [1]

Section 3161 of Title 18 attempts to protect a defendant's Sixth Amendment right to a speedy trial by prohibiting the government from keeping an individual under arrest without bringing charges in a timely fashion. 18 U.S.C. § 3161 (1988). In particular, subsection (b) requires that,

[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

18 U.S.C. § 3161(b) (1988). Violation of this provision results in mandatory dismissal of the action against the defendant. 18 U.S.C. § 3162(a) (1988).

■ Defendant's claim rests upon the assertion that administrative segregation constitutes an "arrest" for purposes of Section 3161(b). We reject this claim because ordinary administrative segregation of a federal prisoner does not impinge upon the liberty interests with which the Sixth Amendment is concerned. We agree with the Fifth Circuit

1. 18 U.S.C. §§ 3161 to 3174 (1988).

Court of Appeals in *United States v. Duke,* 527 F.2d 386 (5th Cir.), *cert. denied,* 426 U.S. 952, 96 S.Ct. 3177, 49 L.Ed.2d 1190 (1976), that *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), establishes the standard for evaluating, claims of pre-accusation delay. In explaining the significance of arrest for purposes of the Sixth Amendment, the *Marion* Court observed that,

> [a]rrest is a public act that may seriously interfere with defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends. . . .

*Id.* at 320, 92 S.Ct. at 463.

Of course, pre-indictment administrative segregation raises none of the concerns articulated by the *Marion* Court. *See Duke,* 527 F.2d at 389. Pre-accusation segregation does not further disrupt the defendant's life, nor can it possibly create "anxiety and concern accompanying public accusation." *Id.* We have no reason, therefore, to treat administrative segregation as an arrest.

Supporting this conclusion is our understanding of the purpose of administrative segregation. As noted in *Duke,* administrative segregation is a tool of prison administration that ordinarily has nothing to do with criminal prosecution in our courts. *Id.* at 390.

> Used as a method of disciplining or investigating inmates who break prison regulations, of protecting certain inmates from members of the general population, and of providing a general cooling-down period for inmates involved in events that could disrupt the general population, administrative segregation accompanying the breach of a prison regulation is in no way related or dependent on prosecution by the federal government of an inmate for that same offense as a violation of federal criminal law.

*Id.* Nothing in defendant's claims before this court suggests that his administrative segregation constituted an abuse of authority such that we need be concerned with prosecutorial manipulation. Instead, administra-

tive segregation appears to have been employed for its proper purpose, the defendant having demonstrated violent behavior that appears to have warranted segregation from the general population of prisoners.

In adopting the reasoning of *Duke,* we join courts of the Fourth, Fifth, Seventh, Ninth, and Tenth Circuits in concluding that administrative segregation does not trigger section 3161(b). *See United States v. Harris,* 12 F.3d 735 (7th Cir.1994); *United States v. Daniels,* 698 F.2d 221, 223 (4th Cir.1983); *United States v. Mills,* 641 F.2d 785 (9th Cir.1981); *United States v. Blevins,* 593 F.2d 646, 647 (5th Cir.1979) (per curiam); *U.S. v. Manetta,* 551 F.2d 1352 (5th Cir.1977); *United States v. Smith,* 464 F.2d 194 (10th Cir.), *cert. denied,* 409 U.S. 1066, 93 S.Ct. 566, 34 L.Ed.2d 519 (1972); *United States v. Reid,* 437 F.2d 1166 (7th Cir.1971). It is precisely those situations in which a prisoner has proven worthy of segregation from the general prison population that we hope the prosecutorial process is not frustrated by the mechanics of prison administration. Neither, of course, would we want prison safety compromised in the name of prosecutorial success. Accordingly, we employ the date upon which defendant was arrested, March 8, 1995, to calculate the period specified by section 3161.

■ Of course, once we have designated the date of actual arrest pursuant to the issued warrant as the date upon which the statutory clock begins to run, it becomes immediately apparent that section 3161(b) does not apply to defendant's case. At first glance, section 3161(b) seems to create a right of action for those who have not been arrested within thirty days following an indictment. Of course, the statute creates no such right. Section 3161(b) aims to prevent the government from keeping an individual under arrest without formal charges, not to create a Boolean nightmare in which a defendant has the dubious right to be arrested within thirty days of indictment. In this case, arrest came after, not before, indictment so the concerns that underlie section 3161(b) are not raised. Accordingly, we deny defendant's claim based upon section 3161(b).

## IV.

### Sixth Amendment

■ The Sixth Amendment itself, as interpreted by the Supreme Court, provides a remedy for those who have been subject to improper prosecutorial delay. The Sixth Amendment guarantees that in "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury...." U.S. Const. amend. VI. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), continues to guide judicial inquiry into claimed violations of this Sixth Amendment, guarantee, directing the court to examine, the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Where the court finds a violation of the Sixth Amendment right to a speedy trial, it must dismiss the charges with prejudice. *Id.*

■ Though the government has been careful to discuss the four factors of *Barker* in its opposition to defendant's motion to dismiss, *see Docket Document No. 12*, at 7, we find that defendant has failed to state a claim under the Sixth Amendment. Claimed violations of the Sixth Amendment receive analysis separate from violations of the Speedy Trial Act. *United States v. Gonzalez*, 671 F.2d 441 (11th Cir.), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982); *see also United States v. Yunis*, 705 F.Supp. 33, 35 (D.D.C.1989). However, defendant makes no mention of a Sixth Amendment claim independent of the Speedy Trial Act. Nor does the defendant make mention of *Barker*, its four-factored analysis, or jurisprudence that would support a claim on the facts presented. Since defendant has failed

to allege or support a general claim for violation of the Sixth Amendment right to speedy trial, we need not further pursue an analysis under either *Barker* or *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).[2]

## V.

### Conclusion

Defendant's motion to dismiss under 18 U.S.C. § 3161(b) is **DENIED.**

**IT IS SO ORDERED.**

### ORDER ON RECONSIDERATION

In our Opinion and Order of April 20, 1995, we concluded that defendant had failed to plead a violation of the Sixth Amendment right to a speedy trial independent of the alleged violation of the Speedy Trial Act. *See Docket Document No. 23.* Pursuant to the status conference of June 14, 1995, we now consider defendant's Sixth–Amendment claim as presented in surrebuttal to his original motion. *See Docket Document No. 19.*

As defendant correctly notes, "[t]he length of delay for speedy trial purposes is measured from the date of indictment *or* the date of arrest by federal officers, whichever is earlier." *Id.* at 5 (citing *Redd v. Sowders*, 809 F.2d 1266, 1269 (6th Cir.1987)). As we explained in our order denying defendant's motion to dismiss for violation of the Speedy Trial Act, ordinary administrative segregation does not constitute "arrest" for purposes of the Sixth Amendment. *See Docket Document No. 23, p. 3* (citing *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). Since the defendant

2. The government contends that a claim under *Doggett* would fail for want of "presumptive prejudice" to the defendant's case. *Doggett* explains that "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett*, 505 U.S. at 651–52, 112 S.Ct. at 2690 (1992). Unfortunately, the Supreme Court has afforded little guidance in determining where lies the presumptive threshold. Without deciding the issue, we note our doubt that a four-month delay crosses the threshold.

Our survey of cases applying *Barker* confirms the observation in *Doggett* that presumptive prejudice is not ordinarily found until the delay approaches a full year. *Id.* 505 U.S. at 652 n. 1, 112 S.Ct. at 2691 n. 1. The shortest delay deemed presumptively prejudicial in our survey was nine months—more than twice the delay in the instant case. *See United States v. Fay*, 505 F.2d 1037 (1st Cir.1974). Moreover, we think that the Supreme Court's concern with prejudice resulting from the erosion of exculpatory evidence is not likely to be triggered where the delay has been only four months. *Doggett*, 505 U.S. at 654–55, 112 S.Ct. at 2692–93 (1992).

was not formally arrested until March 8, 1995, we use November 9, 1994, the date of indictment, as the starting date of the measurable delay. The defendant was arraigned four months later, on March 9, 1995, tolling the clock for speedy trial purposes.

As the Supreme Court explained in *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Id.*, 505 U.S. at 651–52, 112 S.Ct. at 2690. Absent a showing of presumptively prejudicial delay, a more probing examination of the reasons and effects of the delay under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), will not be required. As we noted in our opinion and order of April 20, 1995, the Supreme Court has offered little guidance in determining how much delay is presumptively prejudicial. *See Docket Document No. 23, p. 7 n. 2.* We do know, however, that the length of delay that is presumptively prejudicial will vary with the particulars of the case. *See Wells v. Petsock*, 941 F.2d 253, 257 (3rd Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3038, 120 L.Ed.2d 906 (1992).

■ In this case, we have no reason to believe that the delay is presumptively prejudicial. Four month's delay in prosecuting an individual already subject to incarceration simply does not strike us as the type of delay which even approaches Sixth Amendment magnitude.[1] Even if we were to have calculated the period of delay from the date of administrative segregation, the delay would only have been eight months—still on the lower bound of cases in which presumptive prejudice has been found. Under either calculation, much of the delay appears to have been a result of the fact that the defendant was incarcerated in Texas at the time the indictment was handed down.

■ While the defendant may feel that his lengthy administrative segregation constitutes punishment before conviction, such a claim does not fall within the ambit of the Speedy Trial Act or the Sixth Amendment. And, while the delay arising from the instant proceeding may well have caused a rescheduling of court proceedings in Texas, a claim of prejudicial delay in that case is only properly presented to the Texas court, for in the proceeding before this court there has been no such delay. Since we need not delve further into the facts of a case where, as here, the delay is not presumptively prejudicial, an evidentiary hearing would prove of little use to the court or the defendant. *See United States v. Otero*, 848 F.2d 835 (7th Cir.1988) (hearing denied where prejudice lacking).

Accordingly, we **deny** defendant's motion to dismiss without a hearing.

**IT IS SO ORDERED.**

---

**1.** An exhaustive survey of published federal speedy trial cases in which presumptive prejudice was considered reveals that to date the shortest delay deemed presumptively prejudicial is around seven and one-half months. *Id.* at 258. Other cases have concluded that delay between ten and eleven months is still not presumptively prejudicial. *See Cowart v. Hargett*, 16 F.3d 642 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 227, 130 L.Ed.2d 153 (1994); *United States v. Russo*, 796 F.2d 1443, 1452 (11th Cir.1986); *United States v. Anderson*, 902 F.2d 1105, 1110 (2nd Cir.), *cert. denied,* 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 146 (1990). We are aware of at least one case in which a delay of three months was deemed not presumptively prejudicial. *See United States v. Deleon*, 710 F.2d 1218 (7th Cir.1983). Though a clear rule has not emerged, it may generally be said that,

> any delay of eight months or longer is "presumptively prejudicial." * * * Furthermore, there is apparent consensus that delay of less than five months is * * * insufficiently "prejudicial" to trigger further constitutional inquiry. * * * There is judicial disagreement as to the six to seven month range, the majority holding a delay of this length "presumptively prejudicial."

LaFave & Israel, *Criminal Procedure* § 18.2 (citing Joseph, *Speedy Trial Rights in Application*, 48 Fordham L.Rev. 611, 623 n. 71 (1980)).