**Ernest VIDA, Petitioner-Appellant,**

v.

**E. M. CAGE, Parole Officer, and Paul P. Sartwell, Warden, F. C. I., Milan, Michigan, Respondents-Appellees.**

**No. 17501.**

United States Court of Appeals
Sixth Circuit.

Nov. 20, 1967.

Ernest Vida, in pro. per.

Lawrence Gubow, U. S. Atty., George G. Newman, Asst. U. S. Atty., Detroit, Mich., for appellee.

Before WEICK, Chief Judge, PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court dismissing Vida's complaint in which he prayed for an order allowing him to correspond with his co-defendants, who were serving state sentences in the Jackson, Michigan prison, and with other persons, and with his attorney, without censorship. Vida was confined at the time in the Federal Correctional Institution at Milan, Michigan, serving a five year sentence for violations of the Bankruptcy Act. He had pending in this Court an appeal from his conviction, and the judgment of conviction has since been affirmed. 370 F.2d 759, cert. denied 387 U.S. 910, 87 S.Ct. 1695, 18 L.Ed.2d 630 (1967). Vida has

been transferred to the United States Penitentiary at Terre Haute, Indiana, where he is presently confined [1].

Vida attached as an exhibit to his complaint in the District Court a copy of a letter which he alleged was sent to the Warden at Milan, a copy of which was also sent to the Director of the Bureau of Prisons. This letter is as follows:

"From Ernest Vida 77484 (23957)

August 30, 1965

To Warden Sartwell, F.C.I., Milan, Michigan

Dear Sir:

I have attempted several times to get permission from my parole officer, Mr. Cage, to correspond with my co-defendants, without success.

Since, I am appealing both my federal and state convictions, it is vitally necessary that I communicate with said persons in order to secure certain information, facts, statements, affidavits, etc., to properly perfect and prosecute my appeals.

This is most important to me. Wont you *please* help!

Very truly yours,
/s/ Ernest Vida

cc Director of the Bureau of Prisons

Justice Dept., Washington D.C."

The complaint further alleged that Vida had pending an appeal from a conviction in the Recorder's Court in Detroit,[2] and the appeal to this Court hereinbefore mentioned, and that he needed information, statements, affidavits, etc. from his said co-defendants; that Michigan prison authorities permit such correspondence. It was further alleged that his letter to Warden Sartwell was not answered; and that the action of the prison authorities in preventing him from corresponding with other convicts, and from corresponding without censorship with his attorney, violated his constitutional rights.

It should be noted that the letter to the Warden, set forth above, did not name his attorney, but only his co-defendants who were in the state prison, as the persons with whom he desired to correspond. The complaint thus sought relief beyond that which was requested in the letter and the prison authorities have had no opportunity to consider it.

Furthermore, there is no allegation in the complaint that the Director of Prisons was advised that Vida's letter to the Warden was unanswered. The District Court was therefore correct in ruling that Vida had not exhausted his administrative remedies. Green v. United States, 283 F.2d 687 (3rd Cir. 1960); Heft v. Parker, 258 F.Supp. 507, 508 (D.C.M.D.Pa., 1966).

The prison authorities had the right to adopt reasonable restrictions governing the conduct of inmates and the Courts ought not to interfere with prison operations in the absence of constitutional deprivation; Johnson v. Avery, 382 F.2d 353 (6th Cir. 1967), and authorities therein cited. In our opinion it was not unreasonable for the prison authorities to restrict Vida's communication with other convicts. We find no deprivation of his constitutional rights.

The warden of the penitentiary at Terre Haute is not a party to this case and we have no jurisdiction over him. The issues with respect to the Milan prison authorities have become moot.

Affirmed.

---

1. Vida filed a motion in this Court for an order returning him to Milan, which motion was denied on July 16, 1966. Vida v. Sartwell, No. 17,298. In that case on April 12, 1967 the judgment of the District Court denying his petition for a writ of habeas corpus ad subjiciendum was affirmed. He has petitioned the Supreme Court for certiorari.

In Vida v. Sartwell, No. 17,299, an order of the District Court dismissing his motion for an order to show cause and for injunctive relief was affirmed on June 26, 1967.

2. Vida's state conviction was affirmed by the Michigan Court of Appeals on March 9, 1966. People v. Vida, 2 Mich.App. 409, 140 N.W.2d 559.