**Lawrence E. OWENS, Petitioner,**

v.

**Noah L. ALLDRIDGE, Warden, Respondent.**

**No. 70–141 Civ.**

United States District Court, W. D. Oklahoma.

April 13, 1970.

Lawrence E. Owens, pro se.

William R. Burkett, U. S. Atty., John O. Sparks, Asst. U. S. Atty., for respondent.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the Petition for Writ of Habeas Corpus filed herein by Petitioner pursuant to leave of Court under 28 U.S.C.A. § 1915, and of Respondent's Response thereto, the Court is of the opinion that the same should be dis-

missed. Petitioner claims that as a federal prisoner he was not given proper medical treatment and as a result suffered and continues to suffer pain, and that this denial of proper medical treatment amounts to cruel and unusual punishment.

Petitioner's factual allegations are as follows: On the evening of February 5, 1970, Petitioner complained of chest pains to personnel at the prison hospital. No doctor was present and the Petitioner was given milk of magnesia tablets by non-medical personnel on duty and told to return to bed. Later the same night, Petitioner again attempted to receive medical treatment for his pain and was given more milk of magnesia. The next morning, Petitioner again sought medical treatment and in the course of laboratory tests collapsed. He was taken to the prison hospital, where an operation on his chest was performed, during the course of which Petitioner alleges that he was given little or no sedation. Subsequently and on the same day, Petitioner was transferred to a civil hospital, apparently because of internal hemorrhaging, where he was again operated on. He was returned to the prison hospital on February 12, 1970, and released from there to normal confinement on February 19, 1970. Petitioner alleges that both operations were without his consent.

The basis of his claim of cruel and unusual punishment appears to be that Respondent failed to appoint qualified personnel to the prison hospital, that such personnel as were appointed were grossly negligent in treating him, and that he never consented to the treatment given him.

While it may be true that the allegations of a petition for writ of habeas corpus may serve in the stead of other forms of pleadings to obtain relief not contemplated by the remedy of habeas corpus, which goes only to the illegality of detention, Roberts v. Pegelow, 313 F. 2d 548 (Fourth Cir. 1963), it is apparent that Petitioner presents no justiciable controversy under any theory of law relating to cruel and unusual punishment.

The denial of medical treatment altogether when it is needed may amount to cruel and unusual punishment. On this basis, a civil rights action was allowed in Coleman v. Johnston, 247 F.2d 273 (Seventh Cir. 1957). However, where Petitioner has received medical care, the issue is moot. United States ex rel. Knight v. Ragen, 337 F.2d 425 (Seventh Cir. 1964). It is not cruel and unusual punishment to allow non-medical persons to treat a prisoner, either with or without the prisoner's consent. Peek v. Ciccone, 288 F.Supp. 329 (W.D.Mo. 1968). The Attorney General, and not the courts, has the discretion as to what type of medical care is to be furnished a prisoner. Peek v. Ciccone, supra.

Petitioner requests his immediate release from confinement, but as his ground of cruel and unusual punishment is insufficient for that type of relief, the Court will consider, under the doctrine stated in Roberts v. Pegelow, supra, whether Petitioner is entitled to any other form of relief.

If the instant Petition is treated as a complaint under the provisions of the Federal Tort Claims statute, 28 U.S.C.A. § 2761 et seq., such an action may not be entertained because Petitioner does not show compliance with 28 U.S.C.A. § 2675(a), requiring prior administrative consideration of such a claim.

If Petitioner's allegation of gross negligence be considered as a claim of arbitrary or capricious conduct on the part of prison officials, it is clear that even in that event no relief is available to Petitioner in the courts. Petitioner does not allege that the medical treatment he received was administered as a punishment. Further, Petitioner in any event has failed to exhaust administrative remedies available to him within the Bureau of Prisons. See Hess v. Blackwell, 409 F.2d 362 (Fifth Cir. 1969). Petitioner makes no allegation

that he has sought redress of his grievances within the institution in which he is confined, or from the Bureau of Prisons or the Attorney General. Finally, there is no allegation by Petitioner of arbitrary or capricious conduct on the part of prison officials. Only where the conduct of prison officials amounts to punishment of a prisoner and such conduct is arbitrary and capricious will a federal court exercise its discretion to interfere with prison administration. Graham v. Willingham, 384 F.2d 367 (Tenth Cir. 1967); Cannon v. Willingham, 358 F.2d 719 (Tenth Cir. 1966).

The Petition for Writ of Habeas Corpus, filed herein by Petitioner, is hereby denied and dismissed.