**Randolph McNEAL, Petitioner,**

v.

**Jack F. TAYLOR, Senior Officer At El Reno Reformatory, Respondent.**

**Civ. No. 70–229.**

United States District Court,
W. D. Oklahoma.

May 20, 1970.

Randolph McNeal, pro se.

William R. Burkett, U. S. Atty., John E. Green, Asst. U. S. Atty., W. D. Oklahoma, for respondent.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

The petitioner is presently confined to the United States Reformatory at El Reno, Oklahoma. He does not challenge the validity of the sentence which he is serving. He seeks rather relief from alleged "cruel and unusual punishment". The filing is styled "Writ of Habeas Corpus" and also as "Injunction for Relief".

Habeas Corpus is inappropriate herein. Untutored inmates of correctional institutions are usually unlearned in legal niceties and if one presents in his own behalf a serious filing he should not fail because he misconceives the nature of the proceeding or mislabels his petition. The Court has a discretionary right to consider the pleading despite the fact that the petitioner has mistakenly designated it as a petition for writ of habeas corpus. Roberts v. Pegelow, (CA 4, 1963) 313 F.2d 548.

The filing herein alleges that petitioner is receiving "both mental and physical, cruel and unusual punishment" in that he was "taken from population for no reason," called such names as "nigger" and "punk", the officer kicked him and placed him on segregation, petitioner is "only given two showers a week,"

is denied treatment by the medical staff for the "after effect" of an earlier operation and the case worker refuses to consider petitioner's application that he be transferred to another institution located closer to his family. He alleges also that the food isn't edible.

■ Habeas corpus fails herein for two reasons. First, the Federal Reformatory at El Reno, Oklahoma, wherein petitioner is confined, is a part of the prison and correctional system of the United States. It is under the administration and supervision of the Attorney General of the United States. It is expressly made so by the statutes of the United States. 18 U.S.C. § 4001. The Courts have no supervisory jurisdiction over the conduct of the institutions provided by law for the confinement and treatment of federal prisoners committed to the custody of the Attorney General.

■ Second, the Court may release on habeas corpus only a prisoner who is shown to be illegally detained.

The filing herein contains no allegation of illegal detention. In Powell v. Hunter, (CA 10, 1949) 172 F.2d 330, Chief Judge Phillips said:

> The prison system is under the administration of the Attorney General, 18 U.S.C.A. § 741 [now § 4001] and not of the district courts. The court has no power to interfere with the conduct of the prison or its discipline. It may discharge upon habeas corpus only where the petitioner is illegally detained.

Like holdings in other Circuits are: Sarshik v. Sanford, (CA 5, 1947) 142 F.2d 676; Henson v. Welch, (CA 4, 1952) 199 F.2d 367; Williams v. Steele, (CA 8, 1952) 194 F.2d 32. The cases uniformly hold that writ of habeas corpus may not be used to treat the question of a prisoner's subjection to cruel and unusual punishment or any other aspect of his treatment while incarcerated by federal prison officials.

■ The filing herein does not command injunctive relief. A petitioner must first exhaust his administrative remedies. The filing herein alleges a deprivation of a fundamental right by Jack F. Taylor, Senior Officer at the El Reno Reformatory and implies an abuse of discretion by that official. The primary supervision in the administration of federal reformatories is delegated by statute to the Bureau of Prisons. 18 U.S.C. § 4042. By that law the Bureau is directly responsible for the control and maintenance of all such institutions. The Bureau has the power to review any action taken or approved by the local wardens.

■ The filing herein contains no reference to any effort to get administrative relief through the Attorney General or the Bureau of Prisons. The petitioner's pleading must affirmatively show that complaint was made to the administrative authorities thus first affording those authorities an opportunity to correct the matters complained of through the use of institutional personnel. Vida v. Cage, (CA 6, 1967) 385 F.2d 408; Carey v. Settle (CA 8, 1965) 351 F.2d 483. If the matters complained of be sufficiently important to require investigation and if found to be meritorious, they will likely be worked out at the institutional level. They must at least be accorded that privilege.

Enforcement of the rule that a prisoner must affirmatively plead that he has exhausted his administrative remedies before he can maintain a lawsuit is one restraint which courts have to prevent a flood of cases which have no justiciable basis. Accordingly,

It is ordered, That the "Writ of Habeas Corpus" and the "Injunction for Relief" herein be and the same is hereby dismissed.