Carl Clifford CRAFTON

v.

R. Jackson ROSE et al.

Civ. A. No. 7832.

United States District Court,
E. D. Tennessee, N. D.

July 12, 1972.

Carl Clifford Crafton, pro se.

Norman B. Jackson, Knoxville, Tenn., for defendants.

## MEMO AND ORDER

ROBERT L. TAYLOR, District Judge.

This is an action by a state prisoner against state officials under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Mr. Rose is an Assistant Attorney General for the State of Tennessee. Mr. Davis is a former deputy warden at Brushy Mountain Penitentiary where plaintiff is incarcerated and a defendant in a previous action by plaintiff now on appeal. (Civil Action No. 7210, Crafton v. Davis). Mr. Davis' employment with the State terminated on March 8, 1971. Mr. Rose represented the defendants in the trial of that action. Mr. Moore is the present Warden at Brushy Mountain; and Mr. Dougherty is a security officer (guard) at that institution. Since this action is a consolidation of three separate complaints filed by plaintiff within a few days of each other, we will dispose of each one separately.

■ Initially, we observe that the State of Tennessee is not a "person" within the meaning of the Civil Rights Act and not subject to suit under it. See Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed.2d 492 (1960).

As his first cause of action, plaintiff accuses Mr. Rose and Mr. Davis of interfering with his constitutional right of free expression by confiscating letters mailed to his parents complaining of conditions at the prison. He specifically complains that these defendants introduced such a letter to his mother as evidence in the trial of Civil Action No. 7210, thereby making a private communication public. He states that the proof lies in the record of Civil Action No. 7210. For this complaint, plaintiff seeks one million dollars ($1,000,000.00) against each of the defendants and unspecified injunctive relief.

■ Mr. Rose is entitled to judicial immunity. See Kenney v. Fox, 232 F.2d 288 (C.A.6) cert. denied sub nom., Kenney v. Killian, 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66 (1956). Mr. Davis was not employed by the State at the time of the trial. Therefore, he cannot be said to have been acting under color of state law as required by the Civil Rights Act. 42 U.S.C. § 1983. The complaint about confiscation is without merit, since the prison authorities have the power to censor prisoner mail. See T.C.A. § 41–323; Vida v. Cage, 385 F.2d 408 (C.A.6, 1967).

As his second cause of action, plaintiff seeks one million dollars ($1,000,000.00) from Warden Moore and Officer Dougherty for violation of his Eighth Amendment rights. He alleges that Officer Dougherty placed him in a locked cell and proceeded to "Mace" him.

In response, Officer Dougherty has deposed that near midnight while confined in the disciplinary cell block plaintiff started hollering to see a doctor. On plaintiff's refusal to obey an order to quiet down, he "maced" plaintiff. After an examination by the prison hospital superintendent, Joe Aylor, plaintiff said it was all a joke and apologized. Mr. Aylor has deposed that he found plaintiff's eyes to be red and red "splotches" on plaintiff's side and arm. Plaintiff first told him that he had been hit and kicked by a guard. After the examination, plaintiff said he had been

lying, that he had not been struck by a guard, and that he had lied because he was angry for having been "Maced."

Plaintiff traverses these affidavits by alleging that he was thereafter taken to the Main Prison Hospital in Nashville where his left arm, chest and right knee were X-rayed. He further alleges that his statement that he had lied about being struck by a guard was a sarcastic response to Mr. Aylor's statement that he did not believe the guards would do such a thing. It should be noted that plaintiff's lengthy traverse never explicitly controverts any statement of Mr. Dougherty or Mr. Aylor.

■■ In the opinion of the Court, Officer Dougherty did not abuse his discretion when he was called upon in the course of his duties as a security officer to quell a disturbance caused by plaintiff at a late hour. Since there is no genuine issue of material fact, Officer Dougherty is entitled to judgment as a matter of law. Warden Moore is entitled to judgment because he did not personally or directly participate in or supervise the actions of Officer Dougherty. See Fanburg v. City of Chattanooga, 330 F.Supp. 1047 (E.D.Tenn., 1968).

For his third cause of action, plaintiff seeks injunctive relief against Warden Moore and the State of Tennessee for restraint of his First Amendment rights to freedom of expression, to-wit, the return by the prison postal clerk of his letter addressed to Mr. David L. Norman, Civil Rights Division, Department of Justice, Washington, D. C. Warden Moore has deposed that said letter was returned to plaintiff because it was in a sealed envelope that would permit inspection for authenticity and contraband. He further has deposed that the prison does not restrict correspondence of prisoners with any government agency or any legitimate, recognized organization such as the American Civil Liberties Union.

■■ We first observe that Tennessee prison officials are required by statute to censor all mail of state prisoners.

T.C.A. § 41–323. Despite this statute, it appears from an exhibit to Warden Moore's affidavit that present prison policy does not permit censorship of first class mail of an inmate except in the case of correspondence with inmates of other prisons, and except to permit inspection of the envelopes for currency and contraband. Prison authorities have the right to adopt reasonable restrictions concerning the conduct of inmates. Vida v. Cage, supra. In the opinion of the Court the prison authorities have not abused their discretion in this regard.

For the foregoing reasons, it is ordered that the motions to dismiss as to Mr. Rose and the State of Tennessee, and the motion for summary judgment of the other defendants be, and the same hereby are, sustained.