HUBERT D. WILKINSON v. BRUCE McMANUS
AND ANOTHER.

214 N. W. 2d 671.

January 18, 1974—Nos. 44071, 44072, 44073.

*Hubert D. Wilkinson,* pro se, for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Gilbert S. Buffington,* Special Assistant Attorney General, for respondents, warden of State Prison and commissioner of corrections.

Per Curiam.

Petitioner, who is confined at the state prison, contends on these appeals that the district court erred in dismissing three separate but substantially identical petitions, two petitions for a writ of habeas corpus and one for a writ of habeas corpus or mandamus, in which he claimed that prison rules against so-called "conjugal visitation" constitute cruel and unusual punishment requiring either his release from custody or an order directing the warden to permit such visits. We affirm the district court.

Officials in charge of prisons and other institutions where people are confined by the state against their will may adopt reasonable restrictions governing the conduct of the inmates. See, e. g., Vida v. Cage, 385 F. 2d 408 (6 Cir. 1967); Lee v. Tahash, 352 F. 2d 970 (8 Cir. 1965). The Eighth Amendment comes into play only if the institutional restrictions are of such a character as to shock the general conscience of the community or are intolerable in fundamental fairness. Lee v. Tahash, *supra.* While we recognize that confinement of individuals in penal institutions without the opportunity for normal sexual relations has resulted in homosexuality and other abnormal sexual activity among

inmates, a solution to the problem must be found by legislation or by actions of the proper administrative officials in the executive branch of the government and not in the courts. Moreover, there is a great deal of difference between a married inmate requesting conjugal visits with his wife and a single person demanding that the state provide or procure persons of the opposite sex for his sexual fulfillment.

We find that the district court correctly denied the petitions. See, State ex rel. Cole v. Tahash, 269 Minn. 1, 129 N. W. 2d 903 (1964).

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at at the time of the submission, took no part in the consideration or decision of this case.