**UNITED STATES of America, Plaintiff,**

v.

**Carson STEEL, Jr., Defendant.**

**No. 27888–CR.**

United States District Court, E. D. Oklahoma, Criminal Division.

March 17, 1975.

Robert D. McDonald, Muskogee, Okl., for plaintiff.

Ernest R. Anthis, Jr., Muskogee, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Carson Steel, Jr., defendant herein has filed a "Motion for Pretrial Detention Time". He claims in his pleading as amended that he is entitled to credit on the service of his federal sentence for jail time in state custody during the periods of March 4, 1971 to March 31, 1971, April 8, 1971 to April 14, 1971, and April 27, 1972 to May 26, 1972. Under Section 3568 of Title 18, United States Code a federal prisoner's sentence is to commence on the date on which he is received at the penitentiary, reformatory or jail for service of his sentence. However, the prisoner is to receive credit on his sentence for all other times spent in custody in connection with the offense or acts for which sentence was imposed.

■ It appears that the defendant is presently confined in the Federal Reformatory at El Reno, Oklahoma, in the Western Judicial District of Oklahoma. In a proper case the sentencing court may entertain an application for jail time credit pursuant to a motion under the provisions of 28 U.S.C. § 2255. See *Bandy v. Willingham*, 398 F.2d 333 (CA10 1968), cert. denied, 393 U.S. 1006, 89 S.Ct. 497, 21 L.Ed.2d 470.

■■ It is the Attorney General or his authorized delegate who is given the mandatory duty under Section 3568, supra, to accord the prisoner such jail time credit. The Attorney General in awarding such credit is guided by Bureau of Prisons Policy Statement 7600.51 October 30, 1969. In *O'Connor v. Attorney General*, 470 F.2d 732 (CA5 1972), the District Court was reversed and the case remanded with these instructions:

"These cases arising under 18 U. S.C.A. § 3568, and Davis v. Attorney General, [5 Cir., 425 F.2d 238] supra, present procedural difficulties in that witnesses having knowledge of the facts surrounding state detention and the failure to make bail are usually far removed from the federal courts where claims of the type here are asserted. In order to facilitate the matter of proper credit being given to federal prisoners, the Office of Legal Counsel, Bureau of Prisons, Attorney General's Office, Washington, D. C., has established an internal administrative procedure to process such claims. The district court should require appellant to utilize this administrative remedy before proceeding to the fact questions in issue."

470 F.2d at 734.

The exhaustion of administrative remedies in the Bureau of Prisons is a prerequisite to the consideration by the

court of the claim for jail time credit. See *Doss v. United States,* 449 F.2d 1274 (CA8 1974). In *Smoake v. Willingham,* 359 F.2d 386 (CA10 1966) the court was presented a claim relating to credits for good-time in which the petitioner did not allege nor contend that he had exhausted his administrative procedures or remedies and ruled that the district court was without jurisdiction to entertain his application. See also *Rivera v. Toft,* 477 F.2d 534 (CA10 1973); *McNeal v. Taylor,* 313 F.Supp. 200 (W.D. Okl.1970); *Harbolt v. Alldredge,* 311 F. Supp. 688 (W.D.Okl.1970), affmd. 432 F.2d 441 (CA10 1970); *Owens v. Alldridge,* 311 F.Supp. 667 (W.D.Okl.1970). Here the petitioner does not allege nor contend in any way that he has sought relief through the administrative procedures available within the Bureau of Prisons. Accordingly, the Motion will be dismissed.

It is so ordered.