Terry Lee **DOUGLAS**, #34621–118,
Plaintiff,

v.

**U. S. ATTORNEY GENERAL** et al.,
Respondents.

Civ. No. 75–0723–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Aug. 26, 1975.

Terry Lee Douglas, pro se.

John E. Green, Acting U. S. Atty., Oklahoma City, Okl., for defendants.

### ORDER

DAUGHERTY, Chief Judge.

The plaintiff has requested leave of court to file in forma pauperis "his Civil Rights Action, authorized by Title 42, U.S.C.A. sec. 1983." He asserts the jurisdiction arises under 28 U.S.C. §§ 1343, 2201, 2202 and 42 U.S.C. §§ 2000a, 2000a–1 and 2000b–1. A black prisoner at the Federal Reformatory at El Reno, Oklahoma in this judicial district, the plaintiff complains that he has been subjected to racial discrimination for the sole reason that the institution disciplinary committee before whom he appeared was comprised wholly of members of the caucasion race.

█ The complaint fails to state a claim for relief under 42 U.S.C.A. § 1983 and jurisdiction is not established under 28 U.S.C.A. § 1343 as claimed by the plaintiff. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 409 F.2d 718, 720, n. 1 (CA2 1969), reversed on other ground 403 U.S. 388, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). 42 U.S.C.A. §§ 2000(a), 2000 (a)(6) and 2000(b)(1) relate to discrimination in public accommodations and public facilities and are wholly irrelevant to these proceedings. The Declaratory Judgment Statute, 28 U. S.C. § 2201 affords plaintiff no additional basis for jurisdiction of the subject matter. It is not a jurisdictional statute, but instead serves only to extend the range of remedies available in the federal courts if jurisdiction over the parties and subject matter otherwise exists. *Westchester Fire Insurance Company v. Tantalo,* 273 F.Supp. 7 (D.C.Conn.1967).

█ Since a defendant in a criminal trial has no right to a jury of a particular makeup, *Apodaca v. Oregon,* 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) it may be doubted that the plaintiff has any constitutional right to have his disciplinary committee composed in a certain way. In any event the plaintiff has not exhausted his administrative remedies. Personal grievances must be presented in the first instance by administrative remedies available to the prisoner within the Bureau of Prisons. *Rivera v. Toft,* 477 F.2d 534 (CA10 1973). Until he has done so he cannot seek relief in the courts. *Owens v. Alldridge,* 311 F.Supp. 667 (W.D.Okla.1970); *Harbolt v. Alldredge,* 311 F.Supp. 688 (W.D.Okla.1970), affmd. 432 F.2d 441 (CA10 1970). In *McNeal v. Taylor,* 313 F.Supp. 200, 202 (W.D.Okla.1970) the court said:

"The filing herein contains no reference to any effort to get administrative relief through the Attorney General or the Bureau of Prisons. The petitioner's pleading must affirmatively show that complaint was made to administrative authorities thus first affording those authorities opportunity to correct the matters complained of through the use of institutional personnel. *Vida v. Cage,*

**1316**

C.A.6, 1967, 385 F.2d 408; *Carey v. Settle*, C.A.8, 1965, 351 F.2d 483. If the matter complained of be sufficiently important to require investigation and if found to be meritorious, they will likely be worked out at the institutional level. They must at least be accorded that privilege.

Enforcement of the rule that a petitioner must first affirmatively plead that he has exhausted his administrative remedies before he can maintain a law suit is one restraint which the courts have to prevent a flood of cases which have no justiciable basis."

Since the application to proceed in forma pauperis is sufficient to meet the requirements of 28 U.S.C.A. § 1915 (a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The complaint will then be dismissed for the reasons that the complaint fails to state a claim for relief under 42 U.S.C. § 1983 and jurisdiction is not established under any statute relied upon by the petitioner and because he has failed to allege that he has exhausted the administrative remedies available to him.

It is so ordered.