Gregory **COATS**, Plaintiff,

v.

UNITED STÁTES, Defendant.

Civ. No. 75–0887–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Oct. 31, 1975.

---

Gregory Coats, pro se.
No appearance for defendant.

## ORDER

DAUGHERTY, Chief Judge.

The above-named petitioner is a prisoner in the Federal Reformatory at El Reno, Oklahoma, in the Western Judicial District of Oklahoma. The United States District Court for the Northern District of Georgia treated his correspondence as a Petition for Writ of Habeas Corpus and transferred the case to this court pursuant to 28 U.S.C. § 1404(a).

The court has examined the correspondence and it appears that the purpose of his letters is to obtain a judicial ruling on the legality of the latest action of the Youth Corrections Division of the Board of Parole on July 25, 1975, in giving him a 22 month set-off date to May, 1977, for further parole consideration. By his own statements the petitioner received a Y.C.A. sentence under 18 U.S.C. § 5010(b) on November 2, 1972. He was conditionally released on November 27, 1974. On December 31, 1974, he was returned to custody for violation of parole. The petitioner contends that he will have completed four years of his sentence on June 24, 1976, and that it is mandatory that he be released under supervision on that date.

■ The petitioner is mistaken in his belief. 18 U.S.C. § 5017(c) provides:

"A youth offender committed under. § 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction."

The requirement of the statute that he be released conditionally under supervision on or before the expiration of four years from the date of his conviction has

already been satisfied by his release on November 27, 1974. Since apparently it was of the opinion that the petitioner would benefit from further treatment in an institution the Division was authorized to direct his return to custody. 18 U.S.C. § 5020. It clearly could revoke its order of conditional release, 18 U.S.C. § 5018, and there is no mandatory requirement that he be again conditionally released. The only mandatory requirement remaining is that petitioner be given his unconditional discharge on or before six years from the date of his conviction.

The petitioner in his correspondence also asked the sentencing judge to investigate various general allegations of bad food, racism, institutional theft and other conditions of his confinement. This is not properly a judicial function and is beyond the office and duty of this court. 48 C.J.S. Judges § 46, p. 1009 provides:

"The function of a judge is to determine controversies between litigants, and he is not an adjunct or advisor, or an investigating instrumentality, of other agencies of government."

Moreover, it does not appear that the petitioner has exhausted his administrative remedies on these complaints. Personal grievances must be presented, in the first instance, by administrative remedies available to the prisoner within the Bureau of Prisons. *Rivera v. Toft,* 477 F.2d 534 (C.A.10 1973).

Accordingly, since the files examined by the court conclusively show that the petitioner is entitled to no relief and there are no material issues of fact an evidentiary hearing is not required and the cause will be dismissed.

It is so ordered.