**Don A. KERMICLE, # 35663–115,**
**Petitioner,**

v.

**Irl E. DAY, Warden, Federal Correctional Institution, El Reno, Oklahoma,**
**Respondent.**

**No. CIV–76–0591–D.**

United States District Court,
W. D. Oklahoma.

July 27, 1976.

Don A. Kermicle, pro se.

David L. Russell, U. S. Atty., Oklahoma City, Okl., for respondent.

### ORDER

DAUGHERTY, Chief Judge.

The court has examined the Petition for Writ of Habeas Corpus together with the Motion for leave to proceed in forma pauperis and required affidavit presented to the clerk of this court by the above-named petitioner, a federal prisoner at the Federal Reformatory, El Reno, Oklahoma, in the Western Judicial District of Oklahoma. It appears therefrom that the petitioner does not challenge the validity of the sentence which he is serving but rather complains of the *conditions of his confinement* in that he claims he has been denied *adequate medical treatment.* He alleges that three fingers on his right hand were injured on June 24, 1976. He admits that the injury was cleaned and sutured and has been x-rayed. It also appears that he has been seen by at least two doctors. The petitioner claims he needs to see a specialist.

The allegations of the petitioner are insufficient to entitle him to relief. He does not allege a total denial of medical care but rather disagrees with the course of treatment which he has received. His complaint is governed by the general rule that the basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of those confined, lies with the Attorney General and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse and caprice on the part of prison officials. *Bethea v. Crouse,* 417 F.2d 504 (CA10 1969); *Graham v. Willingham,* 384 F.2d 367 (CA10 1967). In *Coppinger v. Townsend,* 398 F.2d 392 (CA10 1968) the Court of Appeals drew a distinction between a claim by a prisoner of a total denial of medical care as opposed to a claim of inadequate medical care or the claim that the difference of opinion existed between the wishes of the lay patient and the professional diagnosis of the doctor, and held that the petitioner's claim therein against the warden and physician that he had not been furnished with adequate medical care did not establish a denial of a constitutional right. Pertinent to petitioner's present claims are the remarks of the court in *Paniagua v. Moseley,* 451 F.2d 228, 230 (CA10 1971):

> "This then is but a situation where there is a difference of opinion between a lay patient and the prison doctor as to the proper course of treatment, which according to Coppinger, does not give rise to a constitutional right or sustain a civil rights claim."

The complaints of the petitioner simply do not amount to a substantial allegation of the violation of any constitutional right.

Moreover, even if petitioner's allegations could be construed as a callous denial of needed medical treatment amounting to arbitrary or capricious conduct on the part of prison officials it is nevertheless clear that no relief is. available to him in the courts at this time. It does not appear that he has exhausted his administrative remedies. Personal grievances must be presented in the first instance by administrative remedies available to the prisoner within the Bureau of Prisons. *Rivera v. Toft*, 477 F.2d 534 (CA10 1973). Until he has done so he cannot seek relief in the courts. *Owens v. Alldridge*, 311 F.Supp. 667 (W.D.Okl. 1970); *Harbolt v. Alldredge*, 311 F.Supp. 688 (W.D.Okl.1970), affmd., 432 F.2d 441 (CA10 1970). In *McNeal v. Taylor*, 313 F.Supp. 200, 202 (W.D.Okl.1970) the court said:

"The filing herein contains no reference to any effort to get administrative relief through the Attorney General or the Bureau of Prisons. The petitioner's pleading must affirmatively show that complaint was made to administrative authorities thus first affording those authorities opportunity to correct the matters complained of through the use of institutional personnel. *Vida v. Cage*, C.A. 6, 1967, 385 F.2d 408; *Carey v. Settle*, C.A. 8, 1965, 351 F.2d 483. If the matters complained of be sufficiently important to require investigation and if found to be meritorious, they will likely be worked out at the institutional level. They must at least be accorded that privilege.

Enforcement of the rule that a petitioner must first affirmatively plead that he has exhausted his administrative remedies before he can maintain a lawsuit is one restraint which the courts have to prevent a flood of cases which have no justiciable basis."

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The Petition will then be dismissed for the reasons that the petitioner has failed to make any substantial allegations of the violation of any constitutional right and has failed to allege that he has exhausted the administrative remedies available to him.

IT IS SO ORDERED.