Clarence A. MOWER,
Petitioner-Appellant,

v.

Dave SWYHART, Supervisor, Department of Education, United States Penitentiary, Leavenworth, Kansas, et al., Respondents-Appellees.

No. 76-1208.

United States Court of Appeals, Tenth Circuit.

Decided Nov. 17, 1976.

Clarence A. Mower, pro se.

E. Edward Johnson, U. S. Atty., Mary K. Briscoe, Asst. U. S. Atty., Topeka, Kan., for respondents-appellees.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

104

PER CURIAM.

Appellant, presently incarcerated in the federal penitentiary at Leavenworth, Kansas, brought an action in the United States District Court for the District of Kansas seeking writ of mandamus, temporary restraining order, permanent injunction, and damages. The district court denied relief and this appeal follows. We affirm.

Appellant sent a letter to the Director of the Center for Continuing Education at Texas A & I University, requesting a current course catalogue. There is some confusion in the record; either his letter was returned to him without being forwarded to the University, or the requested catalogue was actually sent to the prisoner by the University and returned to the sender. It is on this basis that appellant has claimed violations of his First, Fifth, and Fourteenth Amendment rights.

In *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), the Supreme Court held that censorship of prisoner mail is justified only when the regulation furthers an important or substantial governmental interest such as security, order, or rehabilitation, unrelated to the suppression of expression, and that the limitation of First Amendment freedoms must be no greater than is necessary or essential to protect the particular governmental interest involved.

The action taken with respect to appellant's request for education material was based upon a Bureau of Prison's Policy Statement 7300.29, which requires prior approval and authorization by the Supervisor of Education in order to receive educational material. This court has recognized that security reasons, in light of the fact that Leavenworth is a maximum security institution, justify both the spot checking of mail and the requirement of prior authorization for receipt of certain materials. *Woods v. Daggett*, 541 F.2d 237 (10th Cir. 1976.)

Furthermore, it appears that no right of appellant to receive educational material has been irrevocably lost. In response to his request for administrative remedy, appellant was specifically informed that if he would send his request for the correspondence course catalogue to the education department, receipt of such mail would be authorized.

Where such administrative remedy is clearly available, it would be totally inappropriate for this court to interfere in the internal administration of the prison. *Rivera v. Toft*, 477 F.2d 534 (10th Cir. 1973).

When this case was docketed, the parties were notified that the appeal would be decided on the original record without oral argument. The parties were invited to submit memoranda in support of their respective positions. Neither party has taken advantage of this opportunity. We have thoroughly reviewed the files and records and are convinced that the district court correctly denied relief. Accordingly, the judgment of the district court is affirmed.

The mandate shall issue forthwith.