Richard **PAYNE** and Jose Perez, on behalf of themselves and on behalf of 1175 unnamed prisoners similarly situated, Petitioners and Plaintiffs,

v.

Irl E. **DAY**, Warden, and on behalf of all others similarly employed by the United States Bureau of Prisons and each Individual collectively, in their respective singular and group capacities, Respondents.

No. CIV–77–0300–D.

United States District Court, W. D. Oklahoma.

Aug. 4, 1977.

On Motion to Dismiss Aug. 12, 1977.

Richard Payne, pro se.

Jose Perez, pro se.

John E. Green, Acting U.S. Atty. by William S. Price, Asst. U.S. Atty., Oklahoma City, Okl., for respondents.

### ORDER

DAUGHERTY, Chief Judge.

The above-named petitioners have filed a series of pleadings with the court enumer-ating various complaints. Apparently the essential basis of their claim for relief and the one upon which they intend to rely is stated in the "Traverse":

> "Petitioners" two principle arguments are that the respondents are violating prisoners' Constitutional rights by
>
> (1) Lodging prisoners in cells containing two men where the cells measure no more than 40 square feet or no more than 52 square feet as a result of said prisoners being sentenced by a Federal Court;
>
> (2) Punishing prisoners for rules infractions by placing them in two-man cells of either 40 square feet or 52 square feet."

The respondents have moved to dismiss the cause on the ground that the petitioners have not exhausted their administrative remedies within the Bureau of Prisons.

Bureau of Prisons Policy Statement 2001.6A dated December 18, 1974, provides a procedure for prisoners to seek formal review of complaints which relate to their imprisonment. The complaint must be initially presented to the responsible administrators within the institution. If a prisoner is not satisfied with the institution's response he may file an appeal to the Regional Director, Bureau of Prisons through the Prisoners' Mail Box within 30 days of receipt of the Warden's response. Thereafter, if he still is not satisfied with the reply from the Regional Director the prisoner may file a further appeal to the Assistant Director, Office of General Counsel and Review, Bureau of Prisons through the Prisoners' Mail Box within 30 days of receipt of the Regional Director's response.

It appears that the petitioners have not utilized the remedies available under the Policy Statement by presenting their allegations of overcrowded conditions amounting to cruel and unusual punishment. As pointed out in *Hardwick v. Ault*, 517 F.2d 295, 296 (CA5 1975):

> "It is, of course, true that the federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy'."

Thus a prisoner must present his grievances in the first instance through the administrative remedies available to him. *Mower v. Swyhart*, 545 F.2d 103 (CA10 1976); *Rivera v. Toft*, 477 F.2d 534 (CA10 1973). See also *McNeal v. Taylor*, 313 F.Supp. 200 (W.D.Okl.1970); *Owens v. Alldridge*, 311 F.Supp. 667 (W.D.Okl.1970); *Harbolt v. Alldredge*, 311 F.Supp. 688 (W.D.Okl.1970). Under the circumstances the court is contemplating dismissal of this cause on the ground that the petitioners have not exhausted their administrative remedies. The petitioners, however, will be granted 10 days from this date to file an amendment to their petition alleging facts, if any, to show that they have exhausted their administrative remedies together with documentary proof attached and a memorandum opposing summary dismissal. In the event that the petitioners fail to do so the cause will be dismissed.

IT IS SO ORDERED.

### ON MOTION TO DISMISS

■ The respondents have moved to dismiss, on the ground of failure to exhaust administrative remedies, the Petition for Writ of Habeas Corpus by petitioners, who are prisoners at the Federal Correctional Institution at El Reno, Oklahoma, challenging conditions of their confinement. Petitioners have responded that exhaustion is unnecessary under the circumstances of this case and move the court for summary judgment.

The petitioners do not contend that they have utilized in any way the procedure provided by Bureau of Prisons Policy Statement 2001.6A to have their present claims considered. Rather, they assert that it would be futile to pursue their administrative remedies and that therefore the requirement of exhaustion should be waived. Their reliance upon *United States ex rel Marrero v. Warden, Lewisburg Penitentiary*, 483 F.2d 656 (CA3 1974), reversed on other grounds, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383, is misplaced. There the sole issue was the availability of a parole to the petitioner, a drug offender, under 18 U.S.C.

§ 4202, which involved only a matter of statutory construction and the parties agreed that the administrative proceedings would be futile. The court pointed out:

"The basic premises underlying the exhaustion requirement are that (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Waddell v. Alldredge*, 480 F.2d 1078 (3d Cir., 1973); *McKart v. United States*, 395 U.S. 185, 194–195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969)."

483 F.2d at 659.

Finding that none of the basic purposes of the doctrine would be served under the circumstances of that case, the court declined in the exercise of its discretion to invoke the Exhaustion Doctrine. In contrast, here the government has not conceded that administrative proceedings would be futile. This is a situation where a factual record is necessary and judicial review would be facilitated if the Bureau of Prisons were permitted to develop and apply its expertise. Under 18 U.S.C. § 4001 the Attorney General of the United States is responsible for the control and management of federal penal and correctional institutions. The court will not presume that the Attorney General would not perform his duty and correct unconstitutional conditions if found to exist and obviously in that event there would be a saving of judicial time. Further, administrative autonomy does require that in this instance the Attorney General or the Director of the Bureau of Prisons be given an opportunity to correct their own errors, if any.

Those federal courts of appeal which have considered the issue have adopted a rule requiring federal prisoners to use the administrative grievance procedure before raising conditions of confinement issues in court. See e. g. *Mower v. Swyhart*, 545 F.2d 103 (CA10 1976); *Rivera v. Toft*, 477 F.2d 534 (CA10 1973); *Hardwick v. Ault*,

517 F.2d 295 (CA5 1975); *Waddell v. Alldredge,* 480 F.2d 1078 (CA3 1973); *Green v. United States,* 283 F.2d 687 (CA3 1960). In an unbroken chain of cases in this district, this court has enforced exhaustion of administrative remedies as a prerequisite to judicial consideration of the federal prisoner complaint. See e. g. *Coats v. United States,* 405 F.Supp. 1107 (W.D.Okl.1975); *McNeal v. Taylor,* 313 F.Supp. 200 (W.D.Okl.1970); *Owens v. Alldridge,* 311 F.Supp. 667 (W.D.Okl.1970); *Harbolt v. Alldredge,* 311 F.Supp. 688 (W.D.Okl.1970).

ACCORDINGLY, IT IS ORDERED:

1. The petitioners' Motion for Summary Judgment is denied;

2. The respondents' Motion to Dismiss is sustained and the cause is hereby dismissed.