RALPH E. DODSON *v.* STATE OF INDIANA.

[No. 777S543. Filed July 13, 1978.]

John F. Branham, Dennis L. McNeely, Gordon, Glenn, Miller, Bendall & Branham, of Huntington, for appellant.

Theodore L. Sendak, Attorney General, Dennis K. McKinney, Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Ralph Dodson, was tried by jury and convicted of first-degree murder. He was committed to the Indiana State Prison for life imprisonment. He now appeals this conviction raising the following issues:

1. Whether the admission into evidence of two photographs was erroneous;

2. Whether it was erroneous for the trial court to admit the identification testimony of a firearms salesman; and

3. Whether it was constitutional to overrule his petition to be sentenced to the Indiana Women's Prison.

Although no claim is made that the evidence produced was insufficient to support the verdict, the factual background of this case was as follows. James Young and Andy Curtis went fishing at the Salamonie Reservoir on June 8, 1976. When they were finished and were returning to their van, shots were fired at them. James Young died as a result of wounds received that day. Evidence introduced tended to show that the bullets fired that day were fired from a weapon owned by

the defendant and buried by him. Testimony given by an inmate related a statement made by the defendant that he shot the victim, mistaking the two fishermen for others.

## I.

Two photographs were admitted into evidence over the objection of the defendant. The first was a black and white photograph of the victim as he was discovered. There is what appears to be congealed blood on his face and arm and blood stains on his shirt and pants. It is submitted by defendant that this photograph was inadmissible because it is irrelevant and unduly prejudicial, in that there were no wounds suffered by the victim in the head.

We have often stated that a trial court should be cautious in the admission of photographs and attempt to weigh and protect the interests of the state and the defendant in determining admissibility. On review, this decision lies within the trial court's discretion unless a prejudicial imbalance appears. *Patterson* v. *State*, (1975) 263 Ind. 55, 324 N.E.2d 482. No such prejudicial imbalance occurred in this case. The photograph accurately depicted the victim as he was found in a natural state. A photo of the scene of the crime is relevant. The location of all wounds was clearly explained to the jury. There was therefore no error.

The second photograph admitted over objection depicts a woman walking up a grassy incline. The picture is one Trilyn Bowling. Her face reflects emotion and she is holding her hands prayer-like to her chest. By her own account, she had just escaped from the defendant. The police, who were looking for her, took her picture at that time. Thereafter, she directed police to where the defendant had buried the murder weapon. The defendant contends that this photograph was irrelevant and prejudicial.

The photograph corroborated Trilyn Bowling's testimony. The picture showed that she had been under emotional stress

and thus córroborated her account of being abducted by the defendant. It was therefore relevant. Additionally, nothing about the photo could be deemed inflammatory or character- ized as prejudicial. There was therefore no error.

## II.

John Maul was permitted, over defendant's objection, to make an in-court identification of the defendant as being the man who bought a .22 caliber rifle from him and who signed a federal firearms transaction form with the name Ralph Dod- son. At the hearing on a motion to suppress, it was learned that Maul had made a pre-trial identification of the defendant from a photographic display containing eight pictures. The photo of the defendant differed from the others because it had a unique background and defendant was the only one wearing a headband. Maul had previously described the gun purchaser as having worn a headband. The defendant believes it was reversible error to admit the identification on the grounds that the pre-trial identification was unduly suggestive.

Upon a proper objection, testimony concerning an extra- judicial photograph display is excluded where the procedure employed was unnecessarily suggestive. *Simmons* v. *United States*, (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; *Johnson* v. *State*, (1972) 257 Ind. 634, 277 N.E.2d 791. Where an improper pre-trial identifica- tion has occurred, the witness is permitted to identify the accused in court when the identification is shown to be re- liable. *Neil* v. *Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Bowen* v. *State*, (1975) 263 Ind. 558, 334 N.E.2d 691.

The fact that only the defendant of those pictured was wearing a headband should have been avoided by the police if it were possible. Only an in-court identification was admitted and this identification was nonetheless reliable. The witness had twenty to thirty minutes to observe the gun purchaser. He described the defendant's features and stated that his

identification was made on the basis of the remembered features. Additionally, this identification was corroborated by other evidence. The signature on a firearms purchase form was defendant's name and was identified as being his handwriting. There was therefore no error in the admission of the identification testimony.

## III.

The defendant filed a pro se motion to be sentenced to the Indiana Women's Prison. This motion was denied without a hearing. It is now contended that it was error to deny this motion without a hearing. Defendant also maintains that his sentencing is unconstitutional in that separate facilities constitute sexual discrimination, that he is being arbitrarily denied his right to engage in sexual intercourse with consenting members of the opposite sex, that unreasonable classifications are made between heterosexual and homosexual men, and that it is cruel and unusual punishment to impose a lifetime of celibacy contrary to an inmate's natural biological drives.

It has been held that a defendant has no identifiable constitutional right to assignment to a particular institution. *Meachum* v. *Fano*, (1976) 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451. *Montanye* v. *Haymes*, (1976) 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466.

"The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons."

*Meachum, supra*, U.S. at 224, L.Ed.2d at 459.

Additionally, there is a legitimate and compelling state interest in maintaining discipline and order within an institution.

"We start with the familiar proposition that '[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' "

*Pell* v. *Procunier*, (1974) 417 U.S. 817 at 822, 94 S.Ct. 2800 at 2804, 41 L.Ed.2d 495 at 501. Included among the inmate's lost privileges is forfeiture of the inmate's right to pursue his amorous pleasures as if he were a free man. The state has an interest in maintaining separate facilities and may restrict the sexual activities of inmates of its institutions. This does not constitute a denial of equal protection or due process of law. Neither is it cruel and unusual punishment. *Wilkinson* v. *McManus*, (1974) 298 Minn. 541, 214 N.W.2d 671. Since there is no right under any circumstances for a male to be sentenced to the Indiana's Women's Prison, there was no error in the trial court's summary denial of defendant's petition. If this were to be the case we would soon empty the Indiana State Prison and overflow the Women's Prison, and it might occasion a reverse flow from the Women's Prison to the Michigan City Prison.

For all the foregoing reasons there was no trial error and the judgment should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 377 N.E.2d 1365.