**Burl Gene MARET, Petitioner,**

v.

**Tom MARTIN, Warden, et al.,
Respondents.**

**No. CIV–80–1384–D.**

United States District Court,
W.D. Oklahoma.

Jan. 19, 1981.

Burl Gene Maret, pro se.

Larry Patton, U.S. Atty. by Paul Richards, Asst. U.S. Atty., Oklahoma City, Okl., for respondents.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

The petitioner, a federal prisoner incarcerated in the Federal Correctional Institution, El Reno, Oklahoma, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The single ground supporting the Petition is couched in terms of a due process violation by reason of inaction of the United States Parole Commission in producing documents which petitioner alleges effectively denied him a right to appeal the decision of the Commission revoking his parole. The respondents have filed a Motion to Dismiss with supporting brief and evidentiary materials and the petitioner has responded thereto. There are no material issues of fact requiring an evidentiary hearing and the Court finds and concludes as follows:

1. The Court has jurisdiction of this action under 28 U.S.C. § 2241 to review a request for relief based on illegal or improper actions of the United States Parole Commission. *United States v. Boccadisi,* 468 F.Supp. 419 (E.D.N.Y.1979).

2. On September 12, 1969 the petitioner was sentenced in the Western District of Missouri to the custody of the Attorney General for 25 years for assault and placing in jeopardy the life of a person having control of a United States Post Office in violation of 18 U.S.C. § 2114. The petitioner was paroled from the Oklahoma Half-Way House, Oklahoma City, Oklahoma on January 6, 1978 and a parole violator's warrant was issued on January 16, 1979. The petitioner states his challenge to the actions of the Parole Commission in the following terms:

"Petitioner appeared before the U.S. Parole Commission at FCI El Reno, Oklahoma on September 29, 1980 for a parole revocation hearing. On October 26, 1980 the Commission's 'Notice of Action' was delivered to Petitioner. Upon his receipt of the Notice of Action Petitioner requested documents of the hearing, includ-

ing but not limited to the audio 'tape' of the hearing itself: See Exhibit 'A' attached hereto. Due to the lack of response for his request, Petitioner made yet another request for the same documents as shown in Exhibit 'B' and received no response. Subsequently, on November 15, 1980 he made another request for the same material and documents as shown in Exhibit 'C'. No response was made on this request. Finally, on November 26, 1980 Petitioner made the request shown in Exhibit 'D' and included a request for extention [sic] of time to perfect his appeal which was denied in exhibit 'E'. The Court can see on the letter shown in Exhibit 'E' that absolutely no response was made to Petitioner's request for documents.

Petitioner contends that he has been denied a right to appeal his parole decision as a result of the inaction of the Parole Commission in producing these requested documents essential to his appeal. He flatly states that he cannot perfect a colorful appeal on the hearing of September 29, 1980 absent the documents he has requested that are pertinent to his case and to the grounds used by the Commission to cause the violation of his parole conditions."

The procedural safeguards pertinent to parole revocation are detailed in the Parole Commission and Reorganization Act of 1976. 18 U.S.C. § 4201 et seq. If parole is revoked, the prisoner is entitled to receive a written notice of the decision of the Parole Commission and a digest of the reasons for the revocation action. 18 U.S.C. § 4214(e). In the Notice of Action dated October 17, 1980 the petitioner was advised of the decision of the Commission to revoke parole and of the following reasons therefor:

"Charge # 1—Shooting with intent to kill. Basis: Information contained in letter from USPO Dickens dated January 5, 1979, and an offense report from the Kingfisher County, Oklahoma Sheriff's Office dated December 25, 1978.

Charge # 2—Unauthorized possession of a firearm. Basis: Letter from USPO Dickens dated January 5, 1979 and of-

fense report from the Kingfisher, Oklahoma County Sheriff's Office dated December 25, 1978.

Charge # 3—Burglary (Second Degree). Basis: Your conviction on or about January 25, 1979 in the Fourth Judicial Court for Kingfisher County, Oklahoma.

Your violation has been classified as new criminal conduct of Greatest II severity because it involved a burglary (2nd degree), the taking of an individual from a residence and forcing him to drive you around in a vehicle, and the firing of a weapon at a police vehicle (shooting with intent to kill) and striking the vehicle's grill and windshield. Your new salient factor score is 3 (see attached sheet). The adult guidelines are applicable to your case. You have been in confinement as a result of your violation behavior for a total of 21 months.

Reparole guidelines indicate a customary range of 100 plus months to be served before re-release. After review of all relevant factors and information presented, a decision outside the guidelines does not appear warranted.

As required by law, you have also been scheduled for Statutory Interim Hearing September 1982."

Petitioner was also advised therein of his right to appeal ". . . within thirty days of the date this Notice was sent." (Exhibit "F", petitioner's Petition for Writ of Habeas Corpus.) According to other exhibits attached to the petitioner's Petition he made four written requests for documents pertaining to the parole revocation hearing and requested an extension of time to file his appeal in the last two requests—September 29, 1980; October 19, 1980; November 15, 1980; and November 26, 1980. (Exhibits "A"—"D", petitioner's Petition for Writ of Habeas Corpus.) He was advised by the Commission on December 3, 1980 that under Commission procedures, no extension could be granted to process Privacy Act or Freedom of Information Act requests. (Exhibit "E", petitioner's Petition for Writ of Habeas Corpus.) Also on De-

cember 3, 1980, pursuant to his request, petitioner was furnished with sundry documents, advised by the Commission of a document which was denied, and that following any appeal to the office of privacy and information appeals he could seek judicial review. (Exhibit "F", respondent's Motion to Dismiss.)

The regulations promulgated pursuant to said Parole Commission and Reorganization Act of 1976, 18 U.S.C. 4203(a), (b), establish the purpose for the parole revocation hearing, the right of the violator to present evidence, the right to review of evidence, and to an appeal. 28 C.F.R. § 2.50. The decision to revoke parole may be appealed to the Regional Commissioner provided the appeal is filed on the appropriate form within 30 days from the date of entry of such decision and that an unappealed decision shall stand as the final decision of the Commission. 28 C.F.R. § 2.25. It further appears that processing of appeals is not to be delayed because of a Privacy Act or Freedom of Information Act request. (Exhibit "G", respondent's Motion to Dismiss.)

Regulations promulgated by the Commission pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, provide for disclosure of Parole Commission Regional office files under the following procedure:

> "Copies of disclosable documents pertaining to a prisoner or parolee which are contained in the Regional Office files of the Commission may be obtained at any time by that prisoner or parolee upon written request pursuant to the Privacy Act of 1974. Such requests shall be answered within forty business days of its receipt, absent an emergency. Other persons may obtain copies of such documents only upon proof of authorization from the prisoner or parolee concerned."

28 C.F.R. § 2.56(a). The Privacy Act materials were clearly supplied within said time constraint, i.e., December 15, 1980. (Exhibit "E", respondents' Motion to Dismiss.)

4. There is no plausible reason or authority supporting the petitioner's contention that he was denied his right to appeal or that he could not otherwise effect a "colorful" appeal, and raise issues pertinent thereto, because of his Freedom of Information Act—Privacy Act request. Both the applicable statutes and the regulations recognize an appeal, if made within 30 days of the original decision, and further counsel against delays by reason of Privacy Act requests. Also see 18 U.S.C. § 4215. The petitioner did not preserve his Regional appeal rights under the uncomplicated appeal procedures, has not intimated or suggested that the parole revocation evidence was tainted or prejudicial in any respect, and there was no "withholding" of records until the appeal time had expired. Petitioner also voices no challenge to the revocation decision of the Commission and there is no ostensible reason to believe at this time that the procedures or either of the administrative decisions herein were violative of due process or were arbitrary, capricious, or an abuse of discretion. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Dye v. United States Parole Commission,* 558 F.2d 1376 (10th Cir.1977).

Respondents contend that administrative review is not foreclosed herein, and the regulations indicate that " 'late' appeals may be accepted for good cause in the discretion of the Regional Commissioner." (¶ I, Exhibit "G", respondents' Motion to Dismiss.) Therefore, the Court is not compelled to consider the ambit of the "deliberate bypass doctrine" and is led to the conclusion that petitioner should be required to exhaust administrative remedies in accordance with well established authorities especially since he now has been furnished the requested Privacy Act materials. *Mower v. Swyhart,* 545 F.2d 103, 104 (10th Cir.1976); *Payne v. Day,* 440 F.Supp. 785 (W.D.Okl. 1977); *Albano v. Anderson,* 472 F.Supp. 931, 933–935 (M.D.Pa.1979).

Accordingly, judgment will issue dismissing petitioner's Petition for Writ of Habeas Corpus for failure to exhaust administrative remedies.