767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DANIEL B. SIMS, PLAINTIFF-APPELLANT,
v.
MICHAEL DEHAAN, U.S. PROBATION OFFICER; JOHN A. SMIETANKA,
U.S. ATTORNEY; RICHARD A. ENSLEN, U.S. DISTRICT JUDGE,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES FROM THE
WESTERN DISTRICT OF MICHIGAN, DEFENDANTS-APPELLEES.
 NO. 84-1659
 United States Court of Appeals, Sixth Circuit.
 6/14/85
 
 1
 W.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and SPIEGEL, District Judge.*
 
 
 3
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 4
 Daniel B. Sims appeals the dismissal of his mandamus action filed pursuant to 28 U.S.C. Sec. 1361. He seeks to correct alleged inaccuracies in his pre-sentence report. He was sentenced to twenty-five years in federal prison for his conviction on thirteen counts of mail fraud. Sims contents that the inaccuracies are having an adverse effect upon his institutional classification and parole status. The district court granted Sims' request for in forma pauperis status. Three days later, without service upon the appellees or notice to the appellant, the court sua sponte dismissed the action. In its order, the district court makes no mention of 28 U.S.C. Sec. 1915(d) (permitting sua sponte dismissal of frivolous claims by in forma pauperis claimants), although authority for the dismissal clearly lies under that statute.
 
 
 5
 This action as prosecuted is frivolous and dismissal under 28 U.S.C. Sec. 1915(d) was appropriate. First, mandamus is an extraordinary remedy and administrative remedies must be exhausted prior to seeking such relief. Wilson v. Secretary of Health and Human Services, 671 F.2d 673 (1st Cir. 1982); Vida v. Cage, 385 F.2d 408 (6th Cir. 1967). Second, with respect to appellant's contentions concerning parole, 28 C.F.R. Sec. 2.19(c) provides an administrative procedure through which alleged inaccuracies in Sims' pre-sentence report may be challenged. Last, 28 C.F.R. Secs. 542.10-.16 provide an avenue of review for a complaint relating to any aspect of the defendant's imprisonment. Consequently, the instant action was frivolous.
 
 
 6
 In certain limited situations, this Court's decision in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), prevents a court from sua sponte dismissing an action unless, inter alia, service of the complaint has been made upon the defendants. Tingler by its own terms is inapplicable to dismissals pursuant to 28 U.S.C. Sec. 1915(d). Although the instant case clearly falls within Sec. 1915(d), the district court did not cite Sec. 1915(d) in its order. To avoid possible Tingler claims, in the future it would be advisable for district courts to indicate, if appropriate, their reliance upon Sec. 1915(d) in sua sponte orders of dismissal.
 
 
 7
 Accordingly, the district court is AFFIRMED pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spigel, Judge of the United States District Court for the Southern District of Ohio, sitting by designation